W. EDGAR TROMBLEY et al., Respondents, *v.* EDWIN R. A. SELIGMAN, Appellant.

1. EVIDENCE — INCOMPETENT TESTIMONY AS TO " UNDERSTANDING " OF WITNESS. Upon the trial of an action to recover for materials and labor alleged to have been furnished in the erection of a building for defendant, which was defended on the ground that the material and services were furnished to a contractor and that the defendant had never incurred any original liability therefor, it is erroneous to permit one of the plaintiffs, who was called as a witness, to answer, in the affirmative, questions as to whether he understood the defendant was a man of responsible means and as to whether he understood he was selling the goods to the defendant, since the case did not turn on the question of plaintiffs' " understanding " who their debtor was to be, and it ought not to have turned on the question who was the most advisable man to be charged with the goods, and hence the ruling of the trial judge, allowing such questions to be answered, plainly submitted to the jury improper considerations which very probably influenced their judgment.

2. ERRONEOUS ADMISSION OF IMMATERIAL EVIDENCE. Testimony of the contractor in such an action, that, at the time he was put in default on his contract, he had performed extra labor on defendant's building, and as to what it would have cost to complete it, is neither competent nor proper, since its only purpose could have been to convince the jury that the defendant had secured such extra benefits under the contract that he could the more easily afford to pay the plaintiffs' bill, and no such consideration should have been allowed in the case.

3. WHEN TESTIMONY AS TO CONTENTS OF CERTAIN BILLS INCOMPETENT, FOR REASON THAT NO PROPER FOUNDATION HAD BEEN LAID THEREFOR. The contractor having testified in such action that at the times when plaintiffs delivered lumber at the building they transmitted with each load a shipping bill, and that these bills were delivered to him and by him checked up, it was improper to permit another witness to testify, without any proper attempt to procure the bills on the trial and without any sufficient evidence of their loss or destruction, that each of them was made out to the contractor for the defendant herein, since no proper foundation was laid for such testimony, and it was, therefore, incompetent.

*Trombley* v. *Seligman*, 116 App. Div. 910, reversed.

(Argued February 28, 1908; decided March 13, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 14, 1907, affirming a judgment in favor of plaintiffs

entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis A. Smith* for appellant.   The defendant's exceptions to the reception of evidence, and the refusal of the trial court·to strike out evidence, must avail to reverse the judgment. .(*Ayers* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *City of Niagara Falls* v. *N. Y. C. & H. R. R..R. Co.*, 168 N. Y. 610; *Devoe* v. *N. Y. C. & H. R. R. R. Co.*, 174 N. Y. 1; *Genet* v. *D. & H. C. Co.*, 170 N. Y. 278.)

*John P. Badger* and *Herbert P. Coats* for respondents. Carrier's testimony, as to his understanding as to whom the first order was sold, was competent.to show his understanding of the transaction, especially as there was nothing in the transaction itself that would indicate to whom the sale was made. (*Sweet* v. *Tuttle*, 14 N. Y. 465; *Yerkes* v. *Salomon*, 11 Hun, 471; *Cortland Co.* v. *Herkimer Co.*, 44 N. Y. 22; *Seymour* v. *Wilson*, 14 N. Y. 567; *Starin* v. *Kelly*, 88 N. Y. 419; *McKown* v. *Hunter*, 30 N. Y. 624.)

Hiscock, J.   This action was brought to recover the value of materials and labor alleged to have been furnished and supplied by the plaintiffs to the defendant in the erection of a cottage at Lake Placid.   The defendant, who was the owner of the premises where the cottage was erected originally, made a contract with one Williams to build the same but the latter eventually made default in the performance of his contract. The well-defined issue which was vigorously litigated on the trial was whether the plaintiffs furnished their material and services to Williams, the contractor, or to defendant, the owner.   The plaintiffs under their complaint assumed the burden of establishing that their debtor was the defendant and the latter insisted that he never incurred any original liability to plaintiffs for their material and services; that at most he only became responsible .for the discharge by Wil-

26

liams of any liability which he might incur and that this responsibility was not incurred in any legal way under the Statute of Frauds.

The issue of fact between the parties has been so settled by the verdict of the jury and by the unanimous affirmance of the Appellate Division that we are not permitted to consider the merits of the litigation or of some of the questions which are pressed on our attention in connection therewith on this appeal. We are able to see, however, that there was sufficient merit in appellant's defense, so that he was entitled to have the same presented and submitted unembarrassed and unincumbered by erroneous rulings and incompetent evidence. We think that this right was not secured to him and that the plaintiffs with the approval of the learned trial justice succeeded in injecting into the case evidence which had no place there and which was calculated materially to influence the jury against the appellant.

One of the plaintiffs was called as a witness and was allowed to answer in the affirmative the questions whether " he understood that Mr. Seligman was a man of responsible financial means," and " Did you understand that you were selling the goods to Mr. Seligman by Williams ? "

Of course this case did not turn on the question of plaintiffs' " understanding " who their debtor was to be and it ought not to have turned on the question who was the most advisable man to be charged with the goods. The contractor, Williams, being evidently irresponsible, the ruling of the trial judge, allowing the above questions to be answered, plainly submitted to the jury improper considerations which very probably influenced their judgment. (*Green* v. *Disbrow*, 56 N. Y. 334.)

The contractor, Williams, was allowed to state in spite of appellant's objection and exception that at the time when he was put in default on his contract he had performed several hundred dollars of extra labor on appellant's cottage, and also was allowed to give evidence of what it would cost to complete the building.

We see no pertinency or propriety whatever in this evidence and its only purpose could have been to convince the jury that appellant had secured enough extra benefits from Williams under the contract so that he could the more easily afford to pay respondents' bill in this case. It is apparent that no such consideration should have been allowed in the case.

Williams also testified that at the times when respondents delivered lumber at the cottage they transmitted with each load a shipping bill and that these bills were delivered to him and by him checked up. Thereafter without any proper attempt to procure these bills on the trial and without any sufficient evidence of their loss or destruction, the witness Carrier was allowed to testify that each of these bills was made out "J. B. Williams for E. R. A. Seligman." Of course that evidence was of very considerable significance on the trial. If at the time when materials were being delivered and before any contest had arisen between the parties they were so delivered under bills in effect made out to defendant it was a matter of considerable importance and the evidence would naturally have much weight with the jury, we think there was no proper foundation laid for it and that it was incompetent to admit it.

In some case perhaps we might endeavor to overlook all or part of the errors to which we call attention, but in the present case we think the appellant was under enough natural disadvantages in the trial of his case so that he is entitled to have the rules of evidence administered in his behalf with reasonable strictness.

The judgment should be reversed and a new trial granted, with costs to abide event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Judgment reversed, etc.