In the Matter of the Application of JANE K. HAMILTON as a Creditor of JOHN PHELPS, Deceased, for Authority to Dispose of His Real Property for the Payment of His Debts, etc.

PER CURIAM: We do not deem it necessary to discuss the questions raised upon this appeal, but state our conclusions as follows: *First.* That Sebring & Cheney are the only appellants here. By the notice of appeal the claimants and all the other contestants are made respondents. We do not find that Sebring & Cheney were attorneys of record for any of the other heirs, nor does the notice of appeal state that the appeal is taken by any of them, even assuming that any of them except the contestants who interposed answers would have a right to appeal. *Second.* We do not find that Sebring & Cheney have been in any way prejudiced by the decree. They gave no proof upon the trial of any personal interest in the fund in court or any lien thereon. The offer to prove by oral testimony the contents of the alleged written contract between them and the heirs was properly

excluded on the ground that the writing itself was the best evidence. Since they established no personal interest in the fund, they cannot be heard on this appeal to question its distribution to other parties. *Third.* We are also of opinion that appellants have pointed out no error in the record that should lead to a reversal of the surrogate's decree, and that it should be affirmed, even if Sebring & Cheney have an interest in the fund or if they do represent as attorneys on this appeal some or all of the heirs. The decree of the surrogate should be affirmed, with costs. All concurred; Kruse, P. J., in result only. Decree affirmed, with costs.