TRIPO KRSTOVIC, Respondent, *v.* CHARLES H. VAN BUREN et al., Copartners under the Firm Name of C. H. VAN BUREN & COMPANY, Appellants.

Trial — evidence — charge — meaning of word " correspondent " in connection with brokerage transactions — when error to permit plaintiff to testify as to his understanding of meaning of word — erroneous charge that jury might consider use of word in determining fact of agency.

Plaintiff for many years had engaged in the buying and selling of stocks on margin through a local stockbroker who had defendants' firm name on his door as " correspondent " and who had an arrangement with defendants for the execution of his orders on a New York Stock Exchange. Plaintiff in the course of his transactions with the local broker deposited stocks and bonds with him as margin which the latter deposited with defendants as margin for his transactions with them and which subsequently the defendant sold with the consent of said local broker, he having failed to keep good his margin. In this action by plaintiff to recover the value of his securities so sold, not on the theory of conversion but upon the theory that the local broker was agent of defendants, a disinterested witness testified without contradiction that there was a general uniform meaning of the word " correspondent " connected with brokerage transactions in the United States. Plaintiff having had large transactions covering several years in buying and selling stocks on margin through his local broker is presumed to have been familiar with this custom. It was, therefore, error for the trial court to permit plaintiff to testify as to what he understood by the use of the word " correspondent " or what he believed that word meant without stating any facts upon which such belief was founded. His understanding or belief was,

under the facts of the case, irrelevant and had no probative force whatever. Nor was the testimony admissible upon the theory of an estoppel, it having no bearing on that question. Hence it was error for the trial court to charge the jury that they might consider the use of the word " correspondent " in determining whether the local broker was the actual agent of the defendant or held out by them as such, there being no evidence in the record from which the jury could find such fact.

*Krstovic* v. *Van Buren,* 200 App. Div. 278, reversed.

(Argued January 12, 1923; decided February 27, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 21, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*E. H. Sykes* and *Loring W. Post* for appellants. The court committed reversible error in allowing evidence to be admitted as to the plaintiff's " understanding " of the word " correspondent " and in permitting the jury to consider that word as the basis of estoppel of Van Buren & Company to deny that Kline was their agent. (*Noble* v. *Kendall,* 182 App. Div. 801; *Cothran* v. *Ellis,* 107 Ill. 419; *Smith* v. *Bloom,* 159 Iowa, 600; *Hatch* v. *Douglas,* 48 Conn. 129; *Horton* v. *Morgan,* 19 N. Y. 170; *How* v. *Union Mut. Ins. Co.,* 80 N. Y. 32; *Colonial Bank* v. *Cady,* 15 App. Cas. 267; *Mut. L. Ins. Co.* v. *Norris,* 31 N. J. Eq. 585; *Clark* v. *Lyster,* 155 Fed. Rep. 513.) The court erred in refusing to charge that the defendants acting in good faith had a right to rely upon the apparent authority of Kline to sell the certificates indorsed in blank and the bearer bonds as owner. (*Kent* v. *De Coppet,* 149 App. Div. 589; *McNeil* v. *Tenth Nat. Bank,* 46 N. Y. 325; *Union Trust Co.* v. *Oliver,* 214 N. Y. 517; *Zulick* v. *Markham,* 6 Daly, 129; *Bank of Batavia* v. *N. Y., etc., R. R. Co.,* 106 N. Y. 195; *Iowa Securities Corp.* v. *Ridgewood Nat. Bank,* 106 Misc. Rep. 335.)

*James Jenkins* for respondent. Under the circumstances the court did not commit reversible error in allowing evidence as to the plaintiff's " understanding " of the word " correspondent." (*Hoag* v. *Wright*, 174 N. Y. 36; *Twombley* v. *Seligman*, 191 N. Y. 400; *Mullen* v. *Quinlan & Co.*, 195 N. Y. 109.)

*W. W. Miller, George S. Hornblower* and *Frederick G. Bastian* for Association of Stock Exchange Firms, *amicus curiæ*. It was reversible error to allow plaintiff to testify as to his understanding of the word " correspondent." (*Lawrence* v. *Thompson*, 26 App. Div. 308; *Mather* v. *Parsons*, 32 Hun, 338; *Nicolay* v. *Unger*, 80 N. Y. 54; *Case* v. *Hitchcock*, 11 N. Y. S. R. 251; *Mun. T. & S. Co.* v. *Ward*, 133 Fed. Rep. 70; 138 Fed. Rep. 1006; *Eldridge* v. *Ward*, 155 Fed. Rep. 253; 174 Fed. Rep. 402; *Murphy* v. *Bishop*, 182 App. Div. 805; *Noble* v. *Kendall*, 182 App. Div. 801; *Lipkin* v. *Krinsky*, 192 App. Div. 257.)

McLaughlin, J. One Kline had a brokerage office at Kingston, N. Y., but not being a member of a New York Stock Exchange, could not there buy and sell stocks and bonds. The only way he could do this was to make an arrangement with some one who was a member of the Exchange to transact the business for him. He made such an arrangement with the defendants, one or both of whom were members of the Consolidated Stock Exchange and, complying with its rules, he indicated his correspondent on the business stationery used by him and on the door leading into his office. The words on the door were: " John D. Kline, Broker. Correspondent, C. H. Van Buren & Company, Member of the Consolidated Stock Exchange." He rented his own office, paid all the expenses connected therewith, dealt directly with his customers and all money received from them was deposited in his personal bank account. The only business connection which defendants had with him was to execute his orders to buy or sell, as the case might be.

They dealt directly with him and not with his customers. He dealt largely with the defendants, buying and selling on margin, which he put up either in money or stocks and bonds indorsed in blank. Among other customers which Kline had was the plaintiff, who for many years had been buying and selling stocks or bonds on margin through Kline. His transactions at times were very large, involving many thousands of dollars. When stocks or bonds were put up with Kline as margin he, in turn, would put them up with defendants for the same purpose, and among such were some of the plaintiff's. Kline failed to keep good his margin with the defendants and after repeated demands made by them for further margin, the securities put up by him were sold, he having consented to such sale, as did his general assignee. With the securities sold were those of the plaintiff which are the subject-matter of this controversy. Plaintiff had a verdict and the judgment entered thereon was affirmed by the Appellate Division. Defendants, by permission, appeal to this court.

A recovery was not sought on the theory of a conversion of the securities. The trial proceeded upon the theory that Kline was the agent of the defendants and this was the question submitted to the jury for its determination and the recovery was had on that ground. The jury was specifically told, at the suggestion or with the acquiescence of plaintiff's counsel, that the action was not to recover on the theory of a conversion.

I am of the opinion the judgment must be reversed because of an error in the admission of evidence. The plaintiff was permitted to testify, over objection and exception of defendants' counsel, as to what he *understood* the word " correspondent " to mean; also, over objection and exception, without stating the facts upon which his belief was founded, that he *believed* the defendants were back of the transactions which he had with Kline's office. The actual relations between Kline and the defendants

were not those of an agent, but those which exist where business is done by a local broker, as Kline was doing it.

The testimony of a disinterested witness, one Heim, former treasurer of the Consolidated Stock Exchange and chairman of its correspondents' committee, was to the effect, and his testimony was not contradicted, that there was a general, uniform meaning and significance of the word " correspondent " connected with brokerage transactions in the United States; that the local broker acted independently as distinguished from a branch office; that a local broker wishing to conduct his own business had to have an opportunity to purchase and sell upon the Exchange and to do this he must have an arrangement with an Exchange broker; that he must, like other customers, either pay for what he bought and sold, or deposit margins for his transactions.

The plaintiff, having had large transactions covering several years in buying and selling stocks on a margin through Kline, is presumed to have been familiar with this custom. (*Oswego Falls P. & P. Co.* v. *Stecher Lithographic Co.,* 215 N. Y. 98; *Wells* v. *Bailey,* 49 N. Y. 464; *Bailey* v. *Bensley,* 87 Ill. 556; *Nicoll* v. *Pittsvein Coal Co.,* 269 Fed. Rep. 968; *Floyd* v. *Mann,* 146 Mich. 356.)

It was, therefore, incompetent and improper to permit him to state what he *understood* by the use of the word " correspondent " or what he *believed* that word meant, without stating any facts upon which such belief was founded. His understanding or belief was, under the facts of this case, irrelevant and had no probative force whatever. (*Trombley* v. *Seligman,* 191 N. Y. 400.)

In the case just cited the issue was, as here, whether defendant or a third person involved in a transaction were the party liable to the plaintiffs. The third person was irresponsible, as was Kline, and one of the plaintiffs was allowed to state with whom he " understood " he was dealing and he stated " the defendant " whom he knew to be financially responsible. In reversing the

judgment, this court said: " Of course this case did not turn on the question of plaintiffs' understanding who their debtor was to be and it ought not to have turned on the question who was the most advisable man to be charged with the goods."

In the instant case the testimony was admitted, apparently, upon the theory of an estoppel, but it had no bearing whatever on that question. Any inference of agency based solely upon one's understanding or belief has nothing for its foundation. The word " correspondent " by itself does not denote agency. It merely signifies business engagements between the parties which may or may not involve the relation of agency, depending wholly upon the facts in each case.

I also think the court erred in charging the jury, to which an exception was taken, that they might consider the use of the word " correspondent " in determining whether Kline were the actual agent of the defendant, or held out by them as such. There is no evidence in the record from which the jury could find that Kline was, in fact, defendants' agent or that they held him out as such. All the evidence is the other way. There is nothing to indicate that the relation was any different in fact than it was in form. He was doing business on his own account. That fact is not contradicted. Plaintiff dealt with him exclusively. He did no business with the defendants. Therefore, there was no basis or justification for the finding that Kline was either an actual or apparent agent. The theory of the trial and the issue which was submitted to the jury, as before indicated, was simply one of agency.

The judgment appealed from should, therefore, be reversed and a new trial granted, with costs to appellants to abide event.

Hiscock, Ch. J., Hogan, Cardozo, Pound, Crane and Andrews, JJ., concur.

Judgment reversed, etc.