Ernst H. Rosenberger, J.
Defense counsel moves to dismiss this indictment for murder in the second degree on the grounds of prosecutorial misconduct. The misconduct alleged is that the District Attorney caused to be served upon a defense witness and her mother subpoenae returnable on August 29, 1975. The printed portion of the subpoena directed the persons named to appear at Part 35, Supreme Court, New York County. The case was not on the calendar of any part of Supreme Court, or any other court, that day. Written in ink on the side of the printed subpoena form were the words "155 Leonard St. D.A. Office, Room 615-ADA (name) 5th floor.” The subpoena contains the following printed language: "and for a Failure to Attend you will be deemed guilty of a Criminal Contempt of Court, and liable to a Fine of Two Hundred and Fifty Dollars and Imprisonment for thirty days and to be prosecuted and punished for a misdemeanor.”
The defense witness, who had earlier not gone to see a detective in connection with the case when asked by him to do so, responded to the District Attorney’s office as directed by the subpoena. Her mother, who had also received a similar subpoena, also responded.
The Assistant District Attorney spoke to mother and daughter separately, with a detective and student assistant present. There was no stenographer present at that time. After the completion of this questioning, he again questioned each of the women again with a stenographer present. The stenographer prepared a transcript of these second interrogations.
These facts are not substantially in dispute.
CPL 610.20 gives District Attorneys and defense attorneys the authority to issue subpoenae to witnesses to attend at court. It gives neither of them the right to subpoena people to *118 attend at their offices, nor does any other statute or rule give such authority.
The American Bar Association Standards Relating to the Administration of Criminal Justice state at Standard 3.1(d) for the Prosecution Function: "It is unprofessional conduct for a prosecutor to secure the attendance of persons for interviews by use of any communication which has the appearance or color of a subpoena or similar judicial process unless he is authorized to do so.”
I am in agreement with a view urged that the Assistant District Attorney acted in accordance with what may have been a previously accepted practice. But there can be no doubt that that practice is contrary to law and the ABA Standards Relating to the Administration of Criminal Justice. To those who urge otherwise, let me ask what the reaction of the Assistant District Attorney would have been had defense counsel caused to be served on a prosecution witness a subpoena threatening the witness with jail and fine for failure to appear at the office of the attorney for the defendant.
The District Attorney has consented, orally on the record before the court during argument, not to use the statements taken from either of the potential defense witnesses who responded to the improper subpoenae.
Attorneys for the defendants press their motion to dismiss the indictment on the grounds of prosecutorial misconduct. The prosecution urges that such a sanction would be excessive.
None of the cases cited by the defense are convincing. People v Johnson (NYLJ, May 22, 1975, p 15, col 8), resulted in an acquittal after nonjury trial, not a dismissal on the grounds urged here. In Sorrells v United States (287 US 435), the indictment was not dismissed. In United States v Banks (383 F Supp 389), some counts of the indictment were dismissed for insufficiency rather than prosecutorial misconduct.
In the unreported case of United States v Elsberg the United States District Court did dismiss the indictment for prosecutorial misconduct. A reading of the transcript of the proceedings wherein the court dismissed the indictment shows a pattern of conduct which cannot be analogized or compared to the conduct here. The Elsberg case conduct included suppression of evidence, invasion of physician-patient relationship, illegal wiretapping, destruction of documents, disobedience to judicial orders, and improper efforts to influence the *119 court. Such conduct certainly warranted dismissal of the charges. Not all misconduct by prosecutors or police calls for such a drastic remedy. Were it otherwise, there would be no need for motions to suppress, suppression hearings, or orders of suppression.
The motion to dismiss is denied.
The statements taken from the witnesses Yolanda and Anna Maldenado on August 29, 1975, are hereby suppressed. The District Attorney is barred from using them or any evidence or information obtained from these illegal interviews with witnesses (Silverthorne Lbr. Co. v United States, 251 US 385). The District Attorney shall bear the burden of convincing the trial court that evidence he seeks to introduce or information he seeks to employ in cross-examination was not obtained from the illicit interviews of August 29, 1975, but had an independent source (Baker v United States, 401 F 2d 958; Nardone v United States, 308 US 338, 341).