Alphonse L. Cassetti, J.
The above-named defendants, through their attorney, move to dismiss the charges against them in the furtherance of justice pursuant to CPL 170.30 (subd 1, par [g]) due to prosecutorial misconduct.
The facts alleged, and which are substantially undisputed, are as follows:
1. Mary Boulet, the wife of one of the defendants, was served a subpoena on June 17, 1976 about 3:00 p.m. at her apartment, commanding her to appear before a Grand Jury of Monroe County at the Hall of Justice, Rochester, New York "Forthwith” as a witness in a criminal action against Silas Murray and Douglas Curry. She was then taken by two detectives to the Waring Road police substation, which is in the northeast area of the city, and not to the Grand Jury at the Hall of Justice, which is in the downtown center area of the city. There she was interrogated by policemen, not by a District Attorney.
2. Darrell Drake, who resides at the same address as that of the defendant, Silas Murray, was served a subpoena commanding him to appear before the Grand Jury of Monroe County at the Hall of Justice, Rochester, New York "Forthwith” as a witness in a criminal action against "John Doe”, *354 about 10:00 a.m. on June 16, 1976. At the time of service of the subpoena he was in the Public Safety Building which is about 100 yards from the Hall of Justice. He was taken to the Waring Road substation where he was interrogated by police officers and by an Assistant District Attorney during his lunch hour.
3. Neither Mary Boulet nor Darrell Drake was ever taken before the Grand Jury.
4. That some, if not all, of the conversations between the police and the Assistant District Attorney were tape recorded and not replayed but erased.
5. That Darrell Drake had previously refused to talk to the police.
"A district attorney * * * as an officer of a criminal court in which he is conducting the prosecution of a criminal action or proceeding, may issue a subpoena of such court, subscribed by himself, for the attendance in such court or a grand jury thereof of any witness who the people are entitled to call in such action or proceeding.” (Emphasis supplied.) (CPL 610.20, subd 2.)
The CPL defines subpoena as a "process of a court directing the person to whom it is addressed to attend and appear * * * in a designated action or proceeding in such court”. (Emphasis supplied.) (CPL 610.10, subd 2.)
Therefore, there is no power in the District Attorney under our existing law to employ a subpoena to conduct an investigation alone or in conjunction with any law enforcement agency. Nor does the law empower a District Attorney to subpoena witnesses to attend his office or any other place where a Grand Jury is not sitting or where a court is not convened in an action or proceeding. (People v Arocho, 85 Misc 2d 116; Durbin v United States, 221 F2d 520; United States v Standard Oil Co., 316 F2d 884.)
"It is unprofessional conduct for a prosecutor to secure the attendance of persons for interviews by use of any communication which has the appearance or color of a subpoena or similar judicial process unless he is authorized to do so.” (American Bar Assn. Stds. Relating to Administration of Criminal Justice, Prosecution Function, § 3.1 [d].)
Mary Boulet, the wife of one of the defendants, was not likely to be a willing witness, nor was Darrell Drake, who previously had refused to talk to the police. This fact together *355 with the taking of these individuals to the Waring Road substation and never to the Grand Jury, shows that the Grand Jury subpoenas were used for investigating purposes only, and as such were used improperly.
Nonetheless, the request by defense counsel to dismiss the charges against the defendants because of the improper use of subpoenas in interrogating Mary Boulet and Darrell Drake, who are not defendants, requires a showing that there is some "compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.” (CPL 170.40, subd 1.) The improper use of the subpoenas is not such conduct that warrants dismissal of these charges.
The motion to dismiss is denied.