OPINION OF THE COURT
Kaye, J.
This appeal challenges the District Attorney’s conduct in obtaining — by subpoena returnable to himself — defendant’s clothing and personal effects which were taken at the time of arrest and held at the jail during pretrial confinement. We conclude that in this case defendant suffered no constitutional deprivation, and that the conviction should be affirmed despite the District Attorney’s misuse of court process.
*382 In connection with his arrest and detention for breaking into a house in the City of Rye, defendant was taken to police headquarters, where he was forced to surrender his clothing and personal effects. As a matter of police routine, those items were inventoried as personal property, placed in a locker for safekeeping, and then transferred to the Westchester County jail where defendant awaited trial.
Nine months later — just one week before trial — by subpoena served on the jail’s "Booking Officer,” the District Attorney demanded "forthwith” "[i]tems of clothing worn by defendant at time of alleged incident (7/20/85) including white tennis clothes; white tennis socks and sneakers; blue bag.” The subpoena was on a printed form, but indicated no court part or Judge’s name, and further stated that the officer did "not have to appear in person if this property is immediately furnished to [the] Assistant District Attorney”. In response, the requested items were handed over to the District Attorney.
Defendant sought suppression of three of the items — a red bandana, blue bag and letter opener — on the ground that the District Attorney’s action constituted an unlawful seizure and abuse of the subpoena process. After denial of the motion, defendant was tried and convicted of burglary, grand larceny and criminal mischief. The bandana, bag and letter opener were introduced in evidence as part of the People’s case.
The Appellate Division affirmed defendant’s conviction, concluding that the disputed items were not the product of an illegal search or seizure. Moreover, the court held that any error was harmless in that "the physical evidence introduced at trial did little to reinforce the eyewitness’s uncontroverted testimony regarding the defendant’s involvement in the burglary and his subsequent in-court identification of the defendant.” (144 AD2d 587, 588.) We now affirm.
Defendant does not challenge the search conducted at the time of his arrest or the inventory of his property conducted as a matter of administrative routine at the time he was jailed. Rather, he asserts that, without a warrant, the People had no right to seize his property while it was being held for him during his pretrial detention. The first question we address, therefore, is whether personal items exposed to police view under unobjectionable circumstances and then lawfully held by the jail for safekeeping may be transferred to the District Attorney, without a warrant, for use as trial evidence. We agree with the Appellate Division that the answer is yes.
*383 Unlike items seized by the police as evidence at the time of arrest — which may be subjected to examination and testing, and retained after defendant is released from custody — items later taken by prison authorities are held as bailments, to be safeguarded for the accused during incarceration (see, Thomas v Grupposo, 73 Misc 2d 427, 430; Comment, The Inventory Search and the Arrestee’s Privacy Expectation, 59 Ind LJ 321, 322-323 [1984]). As the jail rules here provided, the arrestee had the right to take his property with him on posting bail or direct that it be released to a third person.
Thus, while he had no immediate possessory right, defendant retained a property interest in his personal effects when he surrendered them at the jail. But the existence of a property interest does not mean that defendant also had a privacy interest protectable by the State and Federal guarantees against unreasonable searches and seizures (People v Reynolds, 71 NY2d 552, 557; United States v Chadwick, 433 US 1, 7). A constitutionally protected privacy interest requires the existence of a subjective expectation of privacy that society is willing to recognize as reasonable (People v Rodriguez, 69 NY2d 159, 164-165; People v Mercado, 68 NY2d 874, cert denied 479 US 1095). Defendant has not made that showing.
Warrantless searches and seizures of arrestees’ possessions during incarceration have been the subject of considerable judicial scrutiny (see generally, 2 LaFave, Search and Seizure § 5.3 [b], at 491-497). Overwhelmingly, the cases hold that inspection of personal effects previously exposed to police view under unobjectionable circumstances, does not invade any substantial privacy interest. Relying upon this line of authority, the Supreme Court in United States v Edwards (415 US 800) has suggested that a warrant would not be necessary in situations “where the clothing or effects are immediately seized upon arrival at the jail, held under the defendant’s name in the 'property room’ of the jail, and at a later time searched and taken for use at the subsequent criminal trial.” (Id., at 807.) In summarizing the present state of Federal law, one prominent commentator has observed: "at least when (i) an object lawfully came into plain view at the time of a search upon the arrestee’s arrival at the place of detention, (ii) later investigation establishes that this item is of evidentiary value, and (iii) the item remains in police custody as a part of the arrestee’s inventoried property, then it is permissible for the police, without a warrant, to retrieve that object and thereaf *384 ter deal with it as an item of evidence.” (2 LaFave, op. cit., at 491.) While the property here was maintained by the county jail rather than the police, plainly the present case fits within these criteria, and defendant’s argument must be rejected under Federal law.
Defendant’s argument must also be rejected under State constitutional law, although the facts of this case do not require us to decide whether, as a matter of State constitutional law, we would subscribe to the perceived Federal law on the subject. Most significantly, the facts before us do not involve a postarrest investigation or (to borrow the trial court’s phrase in denying preclusion) a "fishing expedition” to uncover evidence with respect to the charged or any other offense. The disputed items here were known personal articles —already fully exposed to view and identified, in accordance with law — that were relevant to the identification of defendant in a trial about to commence, and not sought for further searching or experimentation.
Central to our consideration of defendant’s State constitutional claim is People v Perel (34 NY2d 462), where the disputed property consisted of slips of paper placed in an envelope at the time of arrest and shortly after retrieved by a police detective. We held there that no reasonable expectation of privacy was invaded when the police simply looked again at what they had already lawfully seen. In that the greater intrusion was justified, we concluded that the lesser related intrusion could not be said to unduly trespass upon any remaining expectation of privacy (id., at 465). That rationale controls here. While defendant urges that Perel is distinguishable because the lapse of time between the initial seizure and the "second look” was negligible there — the slips never left police custody — for present purposes that is a distinction without any meaningful difference.
The conclusion is inescapable, therefore, that no search warrant was required here.
We next turn to consideration of a discrete question: the method by which the District Attorney gained possession of the disputed items — a subpoena returnable "forthwith” to himself.
Subpoenas, of course, are process of the courts, not the parties (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 610.20, at 264; see, CPL 610.10 [2], [3]; Hagan, Impounding and the Subpoena Duces Tecum, *385 26 Brooklyn L Rev 199 [1960]). While by statute it is the District Attorney who issues a subpoena duces tecum (CPL 610.25 [1]), the subpoena is nevertheless a mandate of the court issued for the court (see, Matter of Spector v Allen, 281 NY 251, 259; People ex rel. Drake v Andrews, 197 NY 53).
It has long been recognized that District Attorneys may not issue subpoenas except through the process of the court, and they exercise the power to compel witnesses to produce physical evidence only before a Grand Jury or a court where a proceeding is pending (CPL 610.20; People v Hamlin, 58 AD2d 631, 632; People v Boulet, 88 Misc 2d 353, 354; People v Arocho, 85 Misc 2d 116). CPL 610.25 (1) makes clear that where the District Attorney seeks trial evidence the subpoena should be made returnable to the court, which has "the right to possession of the subpoenaed evidence.” It is for the court, not the prosecutor, to determine where subpoenaed materials should be deposited, as well as any disputes regarding production (CPL 610.25; People v Hasson, 86 Misc 2d 781; Matter of Nwamu, 421 F Supp 1361 [SD NY]).*
By circumventing the court, the District Attorney avoided all the protections provided against abuse of the subpoena process, and succeeded in transforming a court process into a function of his own office (see generally, American Bar Assn. Standards Relating to Administration of Criminal Justice, Prosecution Function § 3.1 [d] [1974]). Such conduct is all the more disturbing in light of apparent prior admonitions by Trial Judges to the District Attorney concerning similar misuse in other cases.
As for the appropriate remedy in this case, we cannot agree with defendant that — even if the subpoenaed evidence were precluded — reversal would be required. Defendant was unequivocally identified by an eyewitness (indeed, he conceded his presence near the crime scene) and the evidence of guilt was overwhelming (see, People v Crimmins, 36 NY2d 230). Despite our affirmance of defendant’s conviction, it hardly needs stating that the District Attorney’s subpoena practice should not be replicated.
*386 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.

 We need not reach defendant’s additional contention that the subpoena was per se defective in that it was returnable "forthwith” (compare, e.g., United States v Lartey, 716 F2d 955, with Matter of Remy Sportswear, 16 Misc 2d 407). Nor do we intend any criticism of — or imply any wish to chill —the appropriate uses of subpoena authority, including so-called office investigatory subpoenas.