OPINION OF THE COURT
Abraham G. Gerges, J.
The issue in this case is whether the Assistant District Attorney (ADA) acted properly when she issued a subpoena to a defense witness. The subpoena required the witness to appear at a hearing at which she would not be testifying, and was accompanied by a letter requesting a meeting with the Assistant District Attorney prior to the hearing. This court rules that the subpoena was improper.
*782 BACKGROUND
On the evening of September 26, 1993, Sean Benjamin was shot and later died of his injuries. On November 10th, defendant was indicted for murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. Defense counsel indicated that witness A* would serve as an alibi witness for the defense.
The Assistant District Attorney assigned to this case issued a subpoena to witness A commanding the witness to appear at the Supreme Court Building in Brooklyn on June 13, 1994. That day, the court was scheduled to hear motions concerning the defendant’s case, but not testimony from witnesses. Accompanying the subpoena was a letter, dated June 6th, requesting that the witness meet with the Assistant District Attorney at the District Attorney’s office at 9:00 a.m. on June 13th, or at the witness’ earliest convenience.
ANALYSIS
In a criminal action, the power to subpoena witnesses may be exercised by the court, the prosecutor, or the defense attorney. CPL 610.20 (2) states, "[a] district attorney * * * as an officer of a criminal court in which he is conducting the prosecution of a criminal action or proceeding, may issue a subpoena of such court, subscribed by himself, for the attendance in such court or a grand jury thereof of any witness whom the people are entitled to call in such action or proceeding.”
The issuance of nonjudicial subpoenas by prosecutors has been subject to judicial scrutiny because of the potential for abuse. Prosecutors may not use their subpoena power to conduct investigations. "The law does not confer upon a prosecutor the power to employ a subpoena solely to conduct an investigation or to subpoena witnesses to attend his office or any other place where a Grand Jury or court is not convened” (Rodrigues v City of New York, 193 AD2d 79, 86; see, People v Natal, 75 NY2d 379, 385; People v Hamlin, 58 AD2d 631, 632; People v Boulet, 88 Misc 2d 353, 354-355; People v Arocho, 85 Misc 2d 116, 118).
The instant case presents circumstances that have not been directly addressed by the case law. However, section 610.10 (2) *783 defines "subpoena” as "a process of a court directing the person to whom it is addressed to attend and appear as a witness in a designated action or proceeding in such court, on a designated date” (emphasis added). The subpoena power, whether exercised by the prosecution or defense, is not so broad as to allow attorneys to force witnesses to attend proceedings in which they are not scheduled to testify. The mere fact that the attorneys are arguing in court on a particular day does not justify the use of the subpoena power, since the witness will not be appearing as a witness in that day’s proceedings.
Subpoena power subjects its targets to contempt sanctions for failure to comply. (Judiciary Law § 750 [3].) Because of this, the courts have imposed limitations on its use, requiring subpoenas to be issued only for the valid purpose of compelling the production of evidence before a court. Subpoenas may not be used for discovery. (Matter of Terry D., 81 NY2d 1042, 1044.) Requiring a witness to attend criminal proceedings when there is no chance of testifying serves no valid purpose. The witness’ mute presence on "motion day” adds nothing to the proceedings. Obviously, the ADA’s sole motivation in issuing the subpoena in the instant case was the hope that it would coerce the witness into consenting to be interviewed prior to testifying. The subpoena was "used for investigating purposes only, and as such [was] used improperly” (People v Boulet, 88 Misc 2d, at 355, supra).
Another ground for finding the subpoena invalid concerns the letter that was given to the witness along with the subpoena. By itself, the letter is not threatening. The ADA, in this case, makes frequent reference to her desire that their meeting be as convenient as possible for the witness. However, it is likely that a witness receiving such a letter would be led to believe that a meeting with prosecutors was obligatory.
Sending this letter along with the subpoena was no accident, nor was it an attempt to save a financially strapped city the money to pay for separate postage. The sentence, "Enclosed is a subpoena for that date,” is more than a polite reminder. The letter’s proximity to such a powerful instrument as a subpoena gives it the appearance of equal power and contains the veiled threat of legal sanction for refusal.
The ABA Standards Relating to the Administration of Criminal Justice state, at standard 3.1 (d) for the prosecution function, that "[i]t is unprofessional conduct for a prosecutor *784 to secure the attendance of persons for interviews by use of any communication which has the appearance or color of a subpoena or similar judicial process unless he is authorized to do so.” This point has been quoted in cases relevant to this issue (People v Arocho, 88 Misc 2d, at 118, supra; People v Boulet, 88 Misc 2d, at 354, supra), and these cases have been cited favorably by the Court of Appeals in Natal (75 NY2d, at 385, supra). Including with the subpoena a letter compelling the witness to meet with the ADA at her office is improper and renders the subpoena invalid.
REMEDY
The case law is unclear about what should be done to remedy this abuse of process. One option is to dismiss the charges against the defendant. In Boulet (supra, at 355), the court required a showing of some " 'compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.’ ” Noting that the witnesses who were subjected to the improper subpoenas were not defendants in the action, as in the instant case, the Boulet court denied the motion to dismiss.
The Arocho court also denied the defendant’s motion to dismiss, stating, "[n]ot all misconduct by prosecutors or police calls for such a drastic remedy. Were it otherwise, there would be no need for motions to suppress, suppression hearings, or orders of suppression.” (People v Arocho, 85 Misc 2d, at 119, supra.) That court barred the use of any evidence or information obtained through interviews resulting from the improper subpoena, placing the burden of proof on the prosecutor to show that any evidence introduced was derived from an independent source (supra).
Reacting in apparent frustration to the continuance of a practice that had been condemned almost 15 years earlier and more recently in Natal (supra), the court in People v Warmus (148 Misc 2d 374) chose to suppress various material obtained through a subpoena duces tecum that was similarly improper. "Faced with such pointed disregard of CPL article 610, this court must fashion appropriate remedial action, or become itself an accomplice” (supra, at 375).
The improper subpoena issued to defendant’s alibi witness had minimal adverse effect on his case, therefore granting a motion to dismiss or suppress would be too drastic. However, *785 as stated in Natal, "[d]espite our affirmance of defendant’s conviction, it hardly needs stating that the District Attorney’s subpoena practice should not be replicated.” (People v Natal, 75 NY2d, at 385, supra.)

 The witness’ name has been omitted for privacy reasons.