■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GOPAULSINGH, Appellant. [716 NYS2d 17] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered September 11, 1996, convicting defendant, after a jury trial, of manslaughter in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 5 to 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence, including defendant's videotaped statement, established that defendant

had no reasonable belief that his victim was using or about to use deadly physical force, and thus defendant's justification defense was disproved beyond a reasonable doubt.

The court properly refused to submit criminally negligent homicide as a lesser included offense of second-degree manslaughter since there was no reasonable view of the evidence that defendant, who fired two shots at the victim at close range, merely acted with criminal negligence (*see, People v Randolph*, 81 NY2d 868).

The record fails to support defendant's claim that the People obtained evidence through abuse of subpoena power (*compare, People v Natal*, 75 NY2d 379).

The court properly exercised its discretion in allowing the prosecutor to elicit testimony on whether a witness was cooperative with the police investigation. The testimony regarding the police efforts to contact and interview the witness was relevant to issues raised by defendant at trial.

The photographic evidence was not unduly prejudicial and was properly admitted to establish matters such as the position of the bodies and the nature of the injuries that were relevant to issues raised at trial concerning intent and justification (*see, People v Stevens*, 76 NY2d 833).

We have considered and rejected defendant's remaining claims. Concur—Williams, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.