OPINION OF THE COURT
Richard B. Meyer, J.
Pretrial motion (CPL 255.10) by the defendant for relief in the nature of dismissal or reduction of an indictment, granting discovery and/or a bill of particulars, preclusion and/or suppression of evidence, and other relief.[1]
The defendant is charged by a five-count indictment filed on December 29, 2010 with having committed the crimes of grand larceny in the second degree (Penal Law § 155.40 [1]), grand larceny in the third degree (Penal Law § 155.35) (two counts), grand larceny in the fourth degree (Penal Law § 155.30 [1]), and scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]). The charges arise out of a series of partially unrelated transactions during the period of October 2007 to May 2009 alleged to have occurred in Essex County. It is claimed that the defendant, a building contractor,[2] stole property from three suppliers by charging materials to his long-established credit accounts with each merchant and failing to pay those accounts in full, and that he also stole cash from a couple who had hired him to build a house in the town of Willsboro. For the reasons that follow, the defendant’s motion must be granted and the indictment dismissed because the integrity of the grand jury proceedings was impaired by the presentation of inadmissible hearsay evidence derived from illegally obtained records of the defendant.
*186 A.
The court has reviewed the grand jury minutes to determine not only whether sufficient evidence was presented to support each and every count in the indictment but also to evaluate whether the grand jury proceedings were defective (CPL 210.35 [5]).
“[A]n indictment is presumed to be based on legal and sufficient evidence” (People v Bergerson, 17 NY2d 398, 402 [1966]; see also People v Howell, 3 NY2d 672, 675 [1958]). In determining the sufficiency of the evidence before the grand jury, including proof encompassing any requisite culpable mental state (People v Mayo, 36 NY2d 1002 [1975]; People v Lott, 104 AD2d 710 [1984]; People v Delameter, 96 AD2d 629 [1983]), the court must view such evidence in a light most favorable to the prosecution, and determine whether such evidence, if unexplained and uncontradicted, would constitute prima facie proof so as to warrant a conviction after trial (People v Swamp, 84 NY2d 725, 730 [1995]; People v Pelchat, 62 NY2d 97, 105 [1984]; People v Valles, 62 NY2d 36 [1984]; People v Dunleavy, 41 AD2d 717 [1973], affd 33 NY2d 573 [1973]). “In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt” (People v Mayo at 1004).
“In determining whether the People have reached this stage, all questions as to the quality or weight of the proof should be deferred. In other words if the prosecutor has established a prima facie case, the evidence is legally sufficient ‘even though its quality or weight may be so dubious as to preclude indictment or conviction pursuant to other requirements.’ To further illustrate the point the Commission Staff noted that ‘evidence may be “legally sufficient” to support a charge although it does not prove guilt “beyond a reasonable doubt,” and for that matter, although it does not even provide “reasonable cause” to believe that the defendant committed the crime charged.’ (See Commission Staff Comment to Proposed CPL 35.10, now CPL 70.10.)” (People v Sabella, 35 NY2d 158, 167 [1974].)
“CPL 210.20 (1) (c) provides that a charge must be dismissed when the proceedings as a whole are defective within the meaning of CPL 210.35. Pursuant to CPL 210.35 (5), a Grand Jury proceeding is defective when ‘[t]he proceeding otherwise fails to conform to the requirements of [CPL 190] to such a *187 degree that the integrity thereof is impaired and prejudice to the defendant may result’ ” (People v Corrigan, 80 NY2d 326, 329 [1992]).
“The exceptional remedy of dismissal is . . . warranted only where a defect in the indictment created a possibility of prejudice” (People v Huston, 88 NY2d 400, 409 [1996]), a standard which “is very precise and very high” (People v Darby, 75 NY2d 449, 455 [1990]), and actual prejudice need not be shown (CPL 210.35 [5]; see People v Sayavong, 83 NY2d 702, 709 [1994]). However, “not every improper comment, elicitation of inadmissible testimony, impermissible question or mere mistake renders an indictment defective,” and “isolated instances of misconduct will not necessarily impair the integrity of the Grand Jury proceedings or lead to the possibility of prejudice” (People v Huston at 409).
B.
Central to the determination of the issues presented here are the issuance in 2009 by the then District Attorney[3] of a subpoena duces tecum to the bank where the defendant maintained his business accounts, the testimony of a state police investigator who reviewed those bank records and prepared a “spreadsheet” of some of the contents of those records, and the introduction into evidence before that grand jury of the spreadsheet itself as well as testimony of the investigator regarding information in the bank records. The defendant challenges the use of such evidence before the grand jury, asserting that it was inadmissible hearsay, particularly because the People did not place into evidence the actual bank records for consideration by the grand jury, and also that those records were illegally obtained. Moreover, the prosecution prevented the written contract for the construction of the residence from being placed in evidence on the assertion that the best evidence of the contents of that agreement was the testimony of one of the homeowners.
Because a grand jury is empowered to indict a person for a crime only upon “legally sufficient evidence” (CPL 190.65 [1]), which explicitly requires “competent evidence” (CPL 70.10 [1]), criminal trial rules of evidence are applicable to grand jury proceedings (see CPL art 60; People v Mitchell, 82 NY2d 509 *188 [1993]) with limited exceptions (see CPL 190.30). These exceptions include: the admission of certified official reports and records of publicly-employed experts, such as a “physicist, chemist, coroner or medical examiner, firearms identification expert, examiner of questioned documents, fingerprint technician” and others, including reports electronically transmitted; sworn statements by individuals reciting their ownership or possessory rights to real or personal property; sworn statements by dealers as to the value of specified property; sex offender registration documents; videotaped statements of child witnesses; and certified business records relating to a person’s subscription to and use of communication services (i.e., telephone, Internet) and his/her financial transactions and accounts. (CPL 190.30 [2]-[8].)
“New York State indictments must be based on competent evidence, meaning evidence not subject to an exclusionary rule, such as the prohibition against hearsay (Richardson, Evidence § 4, at 4 [Prince 10th ed]; see also, People v Oakley, 28 NY2d 309, 314)” (People v Swamp at 730). Hearsay evidence — generally, an oral or written[4] “ ‘statement made out of court ... offered for the truth of the fact asserted in the statement’ (People v Romero, 78 NY2d 355, 361 [1991], quoting Richardson, Evidence § 200, at 176 [Prince 10th ed])” (People v Goldstein, 6 NY3d 119, 127 [2005])—
“ ‘may be received in evidence only if they fall within one of the recognized exceptions to the hearsay rule, and then only if the proponent demonstrates that the evidence is reliable’ (People v Brensic, 70 NY2d 9, 14 [citing People v Nieves, 67 NY2d 125, 131; see also, People v Brown, 80 NY2d 729, 734-735] [present sense impressions]; People v Brown, 70 NY2d 513, 518-519 [excited utterances])” (Nucci v Proper, 95 NY2d 597, 602 [2001]).
For self-evident reasons, the investigator’s spreadsheet and testimony, both based upon his review of the defendant’s bank *189 records, are hearsay. The People have not identified any exception to the hearsay rule rendering such evidence legally admissible. Although the bank records subpoenaed by the People could possibly fall within the business records exception, assuming they are legally obtained, in proper form and accompanied by the requisite sworn statement (CPL 190.30 [8]), the spreadsheet does not constitute a “business record” under the statute since that term “does not include any records prepared by law enforcement agencies” (CPL 190.30 [8] [b]).
*188 “ ‘means not only an oral or written expression but also nonverbal conduct of a person intended by him as a substitute for words in expressing the matter stated’ (Comment, Uniform Rules of Evidence, rule 63), and follows Wigmore in defining hearsay as an extrajudicial statement which is offered to prove the truth of the matter stated (5 Wigmore, Evidence [3d ed], § 1361; see, also, Richardson, Evidence (Prince — 10th ed), § 220; McCormick, Evidence [2d ed], § 245, p 584; 1 Mottla, New York Evidence, § 187; Morgan, Hearsay and Non-Hearsay, 48 Harv L Rev 1138, 1144)” (People v Caviness, 38 NY2d 227, 230 [1975]).
*189 C.
Exacerbating the inadmissibility of the investigator’s testimony and spreadsheet is the ultra vires method employed by the former District Attorney to obtain the defendant’s bank records. The subpoena duces tecum, signed by the then District Attorney, was issued on August 21, 2009 to the defendant’s bank directing the production of “CERTIFIED copies of any and all bank records and/or account information for Brandywine Builders, LLC ... to include the type and number of accounts and all account activity between October 2008 through July 31, 2009.”[5] The records were required to be “turn[ed] over to the officer executing this subpoena, as agent of the Grand Jury of the County of Essex.”[6]
“The position of District Attorney is a purely statutory office and, consequently, the only powers and duties which may be exercised by one acting in that post are those conferred by the Legislature, either expressly or by necessary implication (see, Matter of Schumer v Holtzman, 60 NY2d 46, 53; cf., Matter of Darlington v City of Ithaca[, 202 AD2d 831, 833 (1994)])” (Czajka v Breedlove, 200 AD2d 263, 265 [1994], lv denied 84 NY2d 809 [1994]).
“It has long been recognized that District Attorneys may not issue subpoenas except through the process of the court, and they exercise the power to compel witnesses to produce physical evidence only before a Grand Jury or a court where a proceeding is pending (CPL 610.20; People v Hamlin, 58 AD2d 631, *190 632; People v Boulet, 88 Misc 2d 353, 354; People v Arocho, 85 Misc 2d 116)” (People v Natal, 75 NY2d 379, 385 [1990], cert denied 498 US 862 [1990]).
As the Court explained in Natal, “[s]ubpoenas . . . are process of the courts, not the parties,” and a subpoena duces tecum issued by a district attorney “is nevertheless a mandate of the court issued for the court (see, Matter of Spector v Allen, 281 NY 251, 259; People ex rel. Drake v Andrews, 197 NY 53)” (id. at 384-385). “CPL 610.25 (1) makes clear that where the District Attorney seeks [grand jury] evidence the subpoena should be made returnable to the court, which has ‘the right to possession of the subpoenaed evidence’ [because] [i]t is for the court, not the prosecutor, to determine where subpoenaed materials should be deposited, as well as any disputes regarding production (CPL 610.25; People v Hasson, 86 Misc 2d 781; Matter of Nwamu, 421 F Supp 1361 [SD NY])” (id. at 385).
The defendant’s property interest in his bank account records and information cannot be, and is not, contested. Nor can there be any dispute that he had a privacy interest as well. “A constitutionally protected privacy interest requires the existence of a subjective expectation of privacy that society is willing to recognize as reasonable (People v Rodriguez, 69 NY2d 159, 164-165; People v Mercado, 68 NY2d 874, cert denied 479 US 1095)” (People v Natal at 383). In response to United States v Miller (425 US 435 [1976]), where the United States Supreme Court held that a bank customer had no constitutionally protected privacy interest in their own bank records, Congress enacted the Right to Financial Privacy Act (RFPA) (12 USC § 3401 et seq.; see McDonough v Widnall, 891 F Supp 1439 [1995]).
“The Act prevents government access to records of customer accounts at financial institutions, except where a customer of a financial institution has authorized that access, or where disclosure is in response to an administrative subpoena or summons, search warrant, judicial subpoena, or formal written request which meets the specific requirements set forth in the statute” (Botero-Zea v United States, 915 F Supp 614, 616-617 [SD NY 1996]).
Notably, a financial institution[7] is prohibited from providing “any Government authority access to or copies of, or the infor *191 mation contained in, the financial records of any customer except in accordance with the provisions of this chapter” (12 USC § 3403 [a]), and “shall not release the financial records of a customer until the Government authority seeking such records certifies in writing to the financial institution that it has complied with the applicable provisions of this chapter” (12 USC § 3403 [b]).
A grand jury subpoena is a judicial subpoena (People v Natal, supra). But the manner in which it was attempted to be used here, even if legally valid, was akin to an administrative subpoena under the RFPA. In either case, however, the RFPA requires the service of notice upon the bank customer on or before the date the subpoena is served (12 USC § 3405 [administrative subpoena]; § 3407 [judicial subpoena]) unless a court order is obtained allowing a delay in the service of notice (12 USC § 3409). No notice was provided to the defendant, nor was any order issued delaying such notice.
“By circumventing the court, the [former] District Attorney avoided all the protections provided against abuse of the subpoena process, and succeeded in transforming a court process into a function of [her] own office (see generally, American Bar Assn, Standards Relating to Administration of Criminal Justice, Prosecution Function § 3.1 [d] [1974]) . . .
“[a] subpoena practice [which] should not be replicated” (People v Natal at 385) and cannot be condoned.
D.
In their papers opposing the motion the People apply for permission to resubmit the charges to another grand jury. The defendant opposes such relief, correctly contending that “the court’s power to grant resubmission should be exercised sparingly and discriminately” (People v Dykes, 86 AD2d 191, 195 [1982]), and that “the application for resubmission must be accompanied by facts sufficient to permit a proper exercise of discretion by the reviewing Judge” (id. at 196). Here, however, the testimony of the homeowner and the materials suppliers to the grand jury disclose sufficient facts for resubmission. Those witnesses testified not only to the defendant having obtained money and material from them but also as to his failure to complete the construction of the residence despite being paid in full under the alleged contract and pay the suppliers of materials purchased on credit for that construction job and other jobs. *192 The People are granted permission to resubmit the same and/or other charges to another grand jury within 30 days hereof (CPL 210.20 [4]).
Finally, two matters must be noted in connection with any resubmission. First, contrary to the defendant’s contention, the People are not required to charge the grand jury under Lien Law § 79-a (1) (b) in presenting larceny and fraud charges against the defendant.
“Lien Law article 3-A provides that a general contractor who receives funds on a project holds the funds as a trustee and if the contractor applies or consents to the use of those funds for any purpose other than valid trust purposes, he or she is deemed to have diverted trust funds and may be guilty of larceny for failure to pay trust claims within 31 days of the time the claim is due (see Lien Law § 79-a [1] [b]; §§ 70, 71; People v Melino, 16 AD3d 908, 909 [2005], lv denied 5 NY3d 791 [2005]; see also Aspro Mech. Contr. v Fleet Bank, 1 NY3d 324, 328 [2004]). Significantly, failure of such a trustee to maintain the requisite books and records constitutes presumptive evidence of diversion (see Lien Law § 75 [4])” (People v Miller, 23 AD3d 699, 700 [2005], lv denied 6 NY3d 815 [2006]).
Although the People may rely upon the Lien Law in charging the defendant, in which case the People should minimally reference Lien Law § 79-a (1) (b) (see People v Brickley, 306 AD2d 551 [2003]), there is nothing which prohibits the defendant from being charged with and found guilty of one or more counts of traditional larceny or fraud, assuming sufficient facts exist to support those charges.
Second, to the extent that the People intend to prove the contents of the construction contract between the defendant and the homeowners the best evidence is the written contract, not the testimony of one party to the agreement.
“The ‘oft-mentioned and much misunderstood’ best evidence rule simply requires the production of an original writing where its contents are in dispute and sought to be proven (Sirico v Cotto, 67 Misc 2d 636, 637; see also, Trombley v Seligman, 191 NY 400; 57 NY Jur 2d, Evidence and Witnesses § 247, at 496)” (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643 [1994]; see also Dependable Lists v Malek, 98 AD2d 679, 680 [1983]).
*193 This rule clearly applies to written contracts (see Matter of Hamilton, 182 App Div 908 [1918]). It is consistent with the parol evidence rule — a rule of substantive law (see Higgs v de Maziroff, 263 NY 473, 477 [1934]) — which “defin[es] the limits of the contract to be construed [and] forbids proof of an oral agreement to add to or vary the writing” (Fogelson v Rackfay Constr. Co., 300 NY 334, 338 [1950]) in order “to permit a party to a written contract to protect himself against ‘perjury, infirmity of memory or the death of witnesses’ (Thomas v. Scutt, 127 N.Y. 133, 142)” (id.).
“Under a long-recognized exception to the best evidence rule, secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence (Trombley v Seligman, 191 NY 400, 403, supra-, Fisch, New York Evidence § 81, at 49 [2d ed]; see also, Fed Rules Evid, rule 1004) and has not procured its loss or destruction in bad faith (Fisch, New York Evidence §§ 88-89, at 55-56 [2d ed])” (Schozer v William Penn Life Ins. Co. of N.Y. at 644).
Also, “[t]he delivery, receipt or existence of a writing or of a relationship created by a writing may be proved by extrinsic evidence” (Fisch, New York Evidence § 82, at 50 [2d ed]).
E.
The defendant is hereby released on his own recognizance pending resubmission of the charges to a grand jury, he shall appear in this action whenever his attendance may be required, and he shall render himself at all times amenable to the orders and processes of this or any other court having jurisdiction (CPL 210.45 [9]). This securing order shall remain in effect until the first to occur of any event listed under CPL 210.45 (9) (a)-(d).

. The defendant’s pretrial motion consists of a notice of motion dated April 11, 2011, affidavits of Joseph R. Brennan, Esq. and Gary R. Doty both sworn to April 12, 2011, with exhibits A through C attached, and a memorandum of law dated April 18, 2011. The People oppose the motion by an affirmation of Timothy G. Blatchley, Esq., dated May 16, 2011, with exhibits 1 through 3 attached. The defendant thereafter served a reply affidavit of Joseph R. Brennan, Esq. sworn to May 20, 2011 and a reply memorandum of law dated May 19, 2011.

. The defendant is an officer and principal shareholder of Brandywine Builders, LLC, a limited liability company (see Doty affidavit dated Apr. 12, 2011).

. The District Attorney at the time the subpoena was issued was Julie A. Garcia, Esq. Upon the application of the current District Attorney, Kristy L. Sprague, Esq., a special district attorney was appointed.

. Hearsay

. Exhibit B to Brennan affidavit of Apr. 12, 2011.

. (Id.) The subpoena was accompanied by a letter dated August 21, 2009 from the then District Attorney stating that the “records are needed in my office by September 3, 2009” and that the bank reply to her at her office address (see defense counsel’s letter of May 18, 2011 enclosing a copy of the District Attorney’s letter as inadvertently omitted from exhibit B to the pretrial motion papers).

. including any “officer, employees, or agent” thereof (12 USC § 3403 [a]).