Bobert P. Kennedy, J.
The defendant was convicted of operating a motor vehicle or motorcycle while in an intoxicated condition as a felony. He was then sentenced to an indeterminate sentence of imprisonment having a maximum term of four years. Although he has an appeal pending in the Appellate Division he has brought a writ of habeas corpus challenging the legality of that sentence.
When sentencing a person convicted of operating a motor vehicle or motorcycle while in an intoxicated condition as a felony, the question arises as to whether the sentencing provisions contained in section 1192 of the Vehicle and Traffic Law or those contained in the Penal Law apply. The answer to the question is of extreme importance because of the big difference in the sentence authorized. Under section 1192 of the Vehicle and Traffic Law the maximum sentence is two years or a fine of $2,000 or both, while under the Penal Law the maximum sentence is four years ’ imprisonment. The minimum sentences also differ greatly, it being not less than 60 days or a fine of $200 or both under the Vehicle and Traffic Law, while under the Penal Law, it is three years.
For the reasons set forth herein, this court feels that the provisions of the Penal Law control.
Section 55.00 of the Penal Law states that, “The provisions of this article govern the classification and designation of every *1096 offense, whether defined within or outside of this chapter (Emphasis added).
Subdivision 1 of section 55.10 of the Penal Law states in part, “ Any offense defined outside this chapter which is declared by law to be a felony without specification of the classification thereof, or for which a law outside this chapter provides a sentence to a term of imprisonment in excess of one year, shall be deemed a class E felony.”
Section 1192 of the Vehicle and Traffic Law does both. It declares that the second conviction of operating a motor vehicle or motorcycle while in an intoxicated condition within 10 years to be a felony (without specification of the classification) and it also provides a sentence to a term of imprisonment in excess of one year. Subdivision 2 of section 70.00 requires a sentence of not less than three years. This provision prohibits a sentence of two years. (People v. Levy, 37 A D 2d 770), as corrected on reargument in 37 A D 2d 515.)
It seems apparent, therefore, that since a person cannot be sentenced to a county jail for one crime for longer than a year, there is no institution to which a person can be sentenced for two years.
The Penal Law provisions dealing with sentences for misdemeanors (§ 55.10, subd. [e]) which would appear to make the misdemeanor operating a motor vehicle or motorcycle while in an intoxicated condition an unclassified misdemeanor, specifically provides in subdivision 3 of section 70.15 that the sentence “ shall be in accordance with the sentence specified in the law or ordinance that defines the crime ”, here, the sentence authorized in the Vehicle and Traffic Law for the misdemeanor operating a motor vehicle or motorcycle while in an intoxicated condition.
There is no similar provision for felonies and I believe we must at least assume that by the inclusion of such direction for misdemeanors and the absence of such for felonies, the Legislature intended that the Penal Law provisions would control in the case of felonies.
‘1 A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended ” (McKinney’s Cons. Laws of N. Y., Book.1, Statutes, § 74, p. 157).
■Section 240 of Statutes (McKinney’s Cons. Laws of N. Y., Book 1, § 240, p. 411) also seems applicable: “The maxim *1097 expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly described a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded. ”
Section 125 (subd. b) of Statutes authorizes the use of “notes, comments, and reports of committees or commissions concerned with the particular legislation ” in trying to ascertain the legislative intent. This has been done. The “Commission Staff Notes on the Proposed New York Penal Law” says, in reference to subdivision 3 of section 15.05, “Felony; definition classifications and designation ”. (§ 55.00 et seq. of the revised Penal Law as-enacted.) “ The purpose of subdivision three, is to classify the felonies that are defined outside the Penal Law and not specifically classified in accordance with the new system. The proposed subdivision places all such felonies in the lowest sentencing category, ‘ class E irrespective of the sentences that are presently provided. ”
In a similar vein, the Practice Commentary to section 55.10 of the Penal Law reads, in part, as follows (McKinney's Cons. Laws of N. Y., Book 39, Penal Law, § 55.10, p. 92): “Under the revised system the authorized sentence for both types [offenses merely defined as felonies without specification of a particular sentence and offenses for which a specific sentence is provided in the law that defines them] is the sentence provided for a class E felony. As a result, the authorized sentences for felonies defined outside the Penal Law are automatically raised or lowered, as the case may be, to the class E sentence. ”
The language of section 101 of the General Construction Law, “ The consolidated laws shall not be construed to amend, repeal or otherwise affect any provision of the penal law, civil practice law and rules or criminal procedure law unless expressly so stated ”, appears to support the view that the sentencing provisions of the Penal Law control. There is nothing in the Vehicle and Traffic Law which expressly states that it amends, repeals “ or otherwise affects ” the provisions of the Penal Law in this regard.
From all of the foregoing, this court is satisfied that the sentencing provisions of the Penal Law must be used in all felony cases whether those felonies are defined in the Penal Law or elsewhere.