J. Robert Lynch, J.
Prior to 1937, a town highway could be qualifiedly abandoned by the filing of a certificate by the town superintendent of highways. Chapter 475 of the Laws of 1937 enacted an additional prerequisite, that “ it shall also appear to the superintendent of highways of the county in which such town is situate that a qualified abandonment of such highway is proper and will not cause injustice or hardship to the owner or occupant of any lands adjoining such highway after such superintendent shall have held a public hearing thereon upon giving at least twenty days’ written notice to such owners and occupants of such lands of the time and place of such hearing ’ ’. (Highway Law, § 205.)
*977 Since the history of the statute and its clear wording indicate that the hearing upon notice to the adjoining owners and occupants is necessary to inform the discretion of the county superintendent (and not the town superintendent nor the town board who presumably are more familiar with local conditions), it follows that the burden of assembling the names of the adjoining owners and occupants and the expense of serving the notices must fall upon the county and not the town. The failure of the Legislature to impose this burden upon the town may be construed as an indication that its exclusion was intended (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 74). It is immaterial that towns may have assumed this burden in the past. ‘ ‘ Custom or usage cannot be invoked to add to or diminish that which is set forth in a statute in deliberate terms.” (13 N. Y. Jur., Customs and Usages, § 21.)
The petitioner is entitled to a judgment directing the respondent to serve appropriate and timely notices upon the owners and occupants of land adjoining the highways located in the Town of Trenton that the petitioner ^proposes to qualifiedly abandon and to hold hearings thereon.