■ STEPHEN G. WELLS, as Administrator, Appellant, v NANCY S. WELLS, Respondent.—In a wrongful death action, plaintiff appeals (1) from an order of the Supreme Court, Nassau County, dated April 4, 1975, which granted

defendant's motion to dismiss the complaint pursuant to CPLR 3215 (subd [c]) and (2) from an order of the same court, dated June 18, 1975, which denied plaintiff's motion for leave to renew the said motion to dismiss the complaint. Orders reversed, with one bill of $20 costs and disbursements, motion to renew granted, and motion to dismiss the complaint denied. Defendant's time to answer is extended until 20 days after entry of the order to be made hereon. The June 29, 1970 stipulation signed only by the attorneys for plaintiff's predecessor is valid and binding on the present plaintiff in this wrongful death action. A written stipulation pursuant to CPLR 2104 need be subscribed only by the party to be charged or his attorney. In this case, the effect of the stipulation was to enlarge defendant's time to appear in the action and, therefore, plaintiff is the party to be charged and the stipulation is valid. By virtue of the stipulation, defendant has been excused from entering her appearance and there has been no default on her part. Thus, CPLR 3215 (subd [c]) is inapplicable and dismissal of the complaint pursuant thereto was improper. Since a signed copy of the stipulation was not available to Special Term at the time of its original decision, plaintiff's motion for leave to renew upon the recently located signed stipulation should have been granted. With the signed copy before it, Special Term should have vacated its original decision and denied the motion to dismiss. In the circumstances of this case, service of the complaint upon defendant in February, 1975 is deemed a demand for defendant's appearance. Rabin, Acting P. J., Latham, Cohalan and Margett, JJ., concur.