OPINION OF THE COURT
Harold E. Collins, J.
In this matter the plaintiff moves for an order directing the clerk of this court to enter judgment in favor of the plaintiff pursuant to CPLR 3215 (subd [h]) or, in the alternative, *162 granting leave to the plaintiff to file an original stipulation of settlement, which had been entered into in accordance with the foregoing provision of the CPLR. The motion is uncontested.
It appears from the moving papers that this action was commenced by service of a summons and verified complaint upon the defendants on August 27, 1973. Following service of the summons and complaint the plaintiff and the defendants, under the authority of CPLR 3215 (subd [h]), on September 10, 1973 entered into a stipulation of settlement wherein the defendants admitted that they were indebted to the plaintiff for the amount stated in the complaint and agreed to make payment in 27 monthly installments.
Under the terms of the stipulation the defendants appeared generally in the action and admitted service of the summons and complaint. The . stipulation further provided, as permitted by the statute (CPLR 3215, subd [h]), that in the event of a failure to make payment the plaintiff could enter judgment without further notice.
It appears additionally from the moving papers that the defendants made payments under the stipulation totaling the sum of $325 and thereafter failed and refused to make any further monthly installments. While the date of the last payment is unclear from the papers, by simple computation of the $25 installments, it would appear that the last monthly payment was made on or about August 15, 1974.
On January 26, 1977, a period of approximately two years and four months after the last payment under the stipulation, the plaintiff sought to enter a judgment for the balance due. Entry of this judgment was refused on the basis that one year had elapsed after a default in the last payment and CPLR 3215 (subd [a]) required entry of judgment by the clerk of the court within one year after the default.
CPLR 3215 (subd [a]), in its pertinent part, reads as follows: "When a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him. If the plaintiff’s claim is for a sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default. ” (Emphasis supplied.)
It is the opinion of this court that the failure of the *163 defendants to comply with the terms of the stipulation of settlement in this matter is not the type of default specified within the framework of the CPLR limiting entry of judgment by the clerk within one year.
Clearly, under the terms of that statute no judgment may be entered by the clerk after one year from a default in appearing, pleading, proceeding to trial when called or when the court orders a dismissal for any other neglect to proceed.
Under the specific terms of the stipulation in the instant case the defendants entered a general appearance in the action and thus it is manifest that there was no default in appearing. Under the further terms of the stipulation the defendants admitted the indebtedness and the action was settled. Thus, no pleading by the defendants was required and, obviously, proceeding to trial was unnecessary. Moreover, no court order has been entered directing sanctions against the defendants, such as for a willful failure to make disclosure. (See CPLR 3126.)
Significantly, therefore, there has been no default within the terms of the statute which would prohibit the entry of judgment by the clerk by reason of the one-year limitation (Wells v Wells, 49 AD2d 771).
No different result would insue if application were made to the court in a case where entry of judgment by the clerk is not proper.
CPLR 3215 (subd [a]) provides that where the clerk cannot enter judgment the plaintiff shall apply to the court. Subdivision (b) sets forth the procedure before the court for such an application. Subdivision (c) states that if the plaintiff fails to take proceedings for the entry of judgment within one year "after the default” the court shall not enter judgment.
It is clearly apparent that a statutory pattern exists with regard to all three of the foregoing subdivisions and that the default denominated in subdivision (c) is the same type of default set forth in subdivision (a) (CPLR 3215, subds [a], [b], M).
On the other hand, it is manifest from a careful reading of CPLR 3215 (subd [h]), pursuant to which the instant stipulation of settlement was executed, that a judgment may be entered by the clerk for the amount specified "in the event of a failure to comply with the stipulation”. No time limitation is expressed in this subdivision for the entry of judgment for *164 such failure to comply and in the absence of appropriate language by the Legislature this court cannot supply such limitation by implication. (Astor v Mayor, Aldermen & Commonalty of City of N. Y., 62 NY 567, 578; Hyatt v Taylor, 42 NY 258; People v Bouton, 71 Misc 2d 1095, 1096; Town of Trenton v Greene, 78 Misc 2d 976.)
Certainly if the Legislature intended a time limitation it could easily have expressed it in the statute in the same manner in which it did, for example, with relation to confessions of judgment and the entry of judgment in relation thereto. (CPLR 3218, subd [b].)
For the foregoing reasons the clerk of this court is directed to enter judgment pursuant to the aforesaid stipulation of settlement, upon compliance with the appropriate conditions set forth in CPLR 3215 (subd [h]).