OPINION OF THE COURT
John J. Connell, J.
The defense seeks an order from this court allowing requests for judicial subpoenas duces tecum to be ex parte and under seal for materials and documents held by various agencies to be used in assisting their preparation of the mitigation phase *71 of the above-entitled capital case. The People have opposed that application, arguing that that procedure would contravene CPL 610.20 (3) and CPLR 2307.
In support of their application, the defense claims that they have unsuccessfully attempted to obtain various records relating to the defendant even when supplying various agencies with releases signed by the defendant authorizing the release of his records. Several agencies have apparently refused to provide such records without judicial authorization. The defense is seeking the records, not to be used during the guilt phase, but rather in preparation for the sentencing phase of the trial, which, if held, would proceed immediately after the guilt phase.
Although CPLR 2307 requires that such applications be on notice to the adverse party, that provision is honored more in the breech than in the observance in this county. Perhaps that is because there are infrequent objections to these ex parte applications. Nonetheless, it is clear that the practice in criminal courts in Monroe County has been to honor such applications and allow opposing views to be heard only when specific objections to the individual subpoenas are made or when the issuing Judge feels it appropriate to notice opposing counsel based on the specific item sought (People v Doe, 170 Misc 2d 454).
In a capital case, the defendant bears the burden at the sentencing phase to prove any factor in mitigation by a preponderance of the evidence (CPL 400.27 [6]). Except in two limited circumstances, the District Attorney may not present any more than a rebuttal case to the defendant’s evidence presented. Were the District Attorney noticed as to every type of subpoenaed record sought by the defense, they would also be alerted about the very heart of the defendant’s strategy at the sentencing phase.
There is sufficient statutory and case law to justify the defendant’s request for ex parte applications in this regard (Judiciary Law § 35-b [8]; Ake v Oklahoma, 470 US 68, 86-87). Accordingly, this court will grant the motion of the defendant to authorize ex parte and under-seal applications for subpoenaed documents to be used at the sentencing phase only. Such applications will be reviewed by this court in camera and upon such review, a decision will be rendered, on an individual basis, as to whether notice should be given to the District Attorney.