OPINION OF THE COURT
Patricia D. Marks, J.
*559 This a decision on a motion by defense counsel seeking relief from the notice requirements of the law and granting permission to the defendant to present judicial subpoenas duces tecum ex parte. The stated basis for the request is that the defense wishes to prepare evidence in mitigation for the penalty phase of the trial as well as determine whether to present information to the prosecutor’s office in advance of their determination to file a notice of intent to seek the death penalty. The defense asserts that certain agencies have declined to release information to defense counsel even though proper releases have been signed and prepared. The defense thus faces the dilemma of having to prepare judicial subpoenas duces tecum on notice to the prosecution and thus reveal to the prosecution aspects of the defense strategy and preparation.
The prosecution asserts that a subpoena prepared without notice to the opposing party is not valid in that it fails to comply with the Criminal Procedure Law and thus opposes the motion.
The law provides that a judicial subpoena duces tecum may be issued only upon notice to the adverse party and the agency having custody of the records unless otherwise ordered by the court (CPLR 2307; CPL 610.20 [3]). The law further provides that due process requires that a defendant be permitted a fair opportunity to prepare a defense (see, Ake v Oklahoma, 470 US 68 [1985]). Implicit in that right is the right to gather information without alerting the prosecution to the path of the defense.
The law generally provides that ex parte judicial applications are improper (22 NYCRR 100.3 [B] [6]; People v Paul, 140 AD2d 884 [3d Dept 1988]; Kawasaki v Kasting, 124 AD2d 1034 [4th Dept 1986]). The appropriate practice is to seek guidance from the court regarding the procedure to follow where an attorney believes that ex parte relief is necessary. Thus, the law provides and courts have approved ex parte applications under specific circumstances in support of motions for severance where the information to support the grounds for severance relief would require revelation of defense strategy (see, CPL 200.20 [3] [b] [ii]; People v Lane, 56 NY2d 1 [1982]).
The court is unpersuaded by the argument that the “provision is honored more in the breech than in the observance in this county” (People v Mateo, 173 Misc 2d 70, 71 [Monroe County Ct 1997]) and would instead require that the parties follow the law or seek relief from the notice requirement by application.
The court would therefore grant the motion allowing the opportunity for the defendant to present ex parte an application *560 for judicial subpoenas and will rule on each application determining whether notice to the adverse party will be required consistent with the law and defendant’s due process right to a fair opportunity to prepare a defense.