OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the defendant, who is charged with two counts of murder in the first degree and three counts of murder in the second degree, based upon a concept of heightened due process inherent in a potential death penalty case, (1) for an order prohibiting the prosecutor from issuing subpoenas duces tecum for the production of any records pertaining to the defendant without notice and an opportunity to be heard, or in the alternative, to maintain a complete record of all such subpoenas so issued for the purpose of possible appellate review, (2) for an order permitting the defendant to submit ex parte applications for judicial subpoenas duces tecum for the production of any records pertaining to the defendant, and (3) for an order prohibiting the prosecutor from ascertaining the names of any individuals who visit the defendant at the Monroe County Jail in a professional capacity.
(1) Subpoena Duces Tecum by Prosecutor
The first application of the defendant is to prohibit the prosecutor from issuing a subpoena duces tecum without notice and an opportunity to be heard.
*490 The CPL sections relative to this motion are CPL 610.20 (2); 610.10 (3) and 1.10 (1).
CPL 610.20 (2) insofar as applicable provides as follows: “A * * * prosecutor * * * as an officer of a criminal court in which he is conducting the prosecution of a criminal action * * * may issue a subpoena of such court, subscribed by himself, for the attendance in such court * * * of any witness whom the people are entitled to call in such action”.
CPL 610.10 (3) insofar as applicable provides as follows: “As used in this article, ‘subpoena’ includes a ‘subpoena duces tecum’ ”.
CPL 1.10 (1) insofar as applicable provides as follows:
“The provisions of this chapter apply exclusively to:
“(a) All criminal actions and proceedings commenced upon or after the effective date thereof’.
Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11 A, CPL 1.10, at 10) recites, “The purpose of paragraph (a) of subdivision one is to delineate the situations in which the CPL is the exclusive governing body of law.”
This statutory language is plain and unambiguous, and unless the heightened due process consideration somehow alters its meaning, the prosecutor has the discretion to issue subpoenas duces tecum without notice to the defendant or the sanction of the court.
The capital cases that have concluded otherwise have ignored the import of CPL 610.20 (2) (People v Hall,[1] 2Monroe County Ct; Nov. 6, 1998, Marks, J. [motion of defendant to quash prosecutor’s Grand Jury subpoena duces tecum for defendant’s school records was granted, because, inter alia, no notice was given] [2] People v Campos, Sup Ct, Kings County, Mar. 26, 1998, Demarest, J. [application of prosecutor for subpoenas duces tecum to correction facility and Division of Parole for defendant’s records was denied as premature]; People v Cajigas, Westchester County Ct, Apr. 23, 1997, Angiolillo, J. [application of prosecutor for subpoena duces tecum for defendant’s school records was denied as premature]).
*491 Other capital cases have recognized the right of the prosecutor to issue a subpoena duces tecum pursuant to subdivision (2)[3] (People v Cajigas, Westchester County Ct, Oct. 16, 1997, Angiolillo, J. [prosecutor was permitted to issue a subpoena duces tecum for the defendant’s school records];[4] see, People v Williamson, Rensselaer County Ct, Apr. 24, 1997, McGrath, J. [motion by defendant requesting, inter alia, that all records subpoenaed by the prosecutor be made returnable to the court was denied]; People v Hale, Kings County Ct, Mar. 26, 1996, Juviler, J.; People v Whitehurst, Ulster County Ct, Mar. 11, 1996, Bruhn, J. [motion by defendant that he be allowed access to all material subpoenaed by the prosecutor was denied]).
The appellate courts (Matter of Brown v Appelman, 241 AD2d 279; Matter of Sachet v Bartlett, 241 AD2d 97, Iv denied 92 NY2d 806; Matter of Pirro v LaCava, 230 AD2d 909, Iv denied 89 NY2d 813) and the nisi prius courts (People v Arthur, 175 Misc 2d 742; People v Leftenant, 175 Misc 2d 605; People v Cajigas, 174 Misc 2d 472, supra; People v Prater, 170 Misc 2d 327; People v Bastien, 170 Misc 2d 103; People v Jones, Sup Ct, NY County, Jan. 22, 1996, Adlerberg, .J., Iv denied sub nom. People ex rel. Ricco v Jacobson, App Div, 1st Dept, Mar. 12, 1996, Iv dismissed 88 NY2d 875; People v Rodriguez, 168 Misc 2d 219; Matter of Faulkner v Carney, 166 Misc 2d 886) either expressly or implicitly have not accepted the theory that heightened due process entitles a defendant to preindictment discovery or discovery outside of CPL 240.20 (l).[5]
A claim of heightened due process, by analogy, likewise should not deprive a prosecutor of his right to issue a subpoena duces tecum as authorized by subdivision (2).
The rules of statutory construction comport with this interpretation of subdivision (2), viz., “[a] court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74, at 157; People v Bouton, 71 Misc 2d 1095, 1096) and “where a law expressly describes a particular act * * * to which it shall apply, an irrefutable inference must be drawn that what is omit *492 ted or not included was intended to be omitted or excluded” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240, at 411; People v Ifill, 127 Misc 2d 678, 680, n 2).
People v Cajigas (Westchester County Ct, Oct. 16, 1997, Angiolillo, J., supra) construed subdivision (2) in the same manner in this language: “The Legislature made a specific distinction in CPL Sec 610.20 between documents subpoenaed by the People and those subpoenaed by a defendant” (slip opn, at 14) and “where an entity had authority to issue subpoenas derived from a specific statutory grant of power, CPLR 2307 did not govern. CPL Sec 610.20 is such a specific grant of power to issue a subpoena.” (Slip opn, at 16.)
The prosecutor has candidly admitted that one purpose for a subpoena duces tecum for records of the defendant is to facilitate his decision whether to seek the death penalty. The defendant opposes upon the ground that the prosecutor might utilize those records to rationalize a decision to seek such a result.[6] All of the cases that have passed upon this subject are in agreement that there exists no authority for the issuance of a subpoena for this reason (People v Campos, Sup Ct, Kings County, oral decision during proceedings, Mar. 26, 1998, Demarest, J., supra; People v Cajigas, Westchester. County Ct, Oct. 16, 1997, Angiolillo, J., supra; People v Cajigas, Westchester County Ct, oral proceedings, Mar. 23, 1997, Angiolillo, J., supra). The stipulation of the parties discussed infra negatives the defendant’s argument.
This court is mindful that the Court of Appeals in People v Natal (75 NY2d 379, cert denied 498 US 862) ruled that the prosecutor is not entitled to a subpoena duces tecum for the production of materials unless a criminal proceeding is pending, such as a Grand Jury presentation, pretrial hearing or trial.[7] This defendant has recently been arraigned and this proceeding is currently in the preliminary motion stage as evidenced by these motions. Since no pretrial hearing or trial has been scheduled at this time, and a death penalty determination is not a proceeding which would warrant the issuance of a subpoena duces tecum, normally neither side could cause the issuance of a subpoena. However, the parties have stipulated to the legal fiction that they are preparing for trial, so the *493 strictures of Natal are not applicable (see, People v Hurston, Westchester County Ct, Apr. 2, 1996, LaCava, J. [defendant’s preindictment request for subpoena duces tecum for autopsy report granted for trial preparation]).
The prosecutor, thus, has the right to issue subpoenas duces tecum in accordance with subdivision (2). “All that is required under the State and Federal Constitutions is that the subpoenaed materials be relevant to the investigation being conducted and that the subpoena not be overbroad or unreasonably burdensome” (Matter of Hynes v Moskowitz, 44 NY2d 383, 394, appeal dismissed sub nom. Lerner v Hynes, 439 US 888, 921). Even if the prosecutor were to abuse his subpoena powers, appropriate remedies and sanctions exist (People v Warmus, 148 Misc 2d 374, 380-384, supra; People v Riggins, 178 Misc 2d 12). People v Cajigas (Westchester County Ct, Oct. 16, 1997, Angiolillo, J., supra) offered another solution. “Any potential prejudice that might arise due to lack of reciprocity of the statutory notice provisions could be addressed by the Court providing such notice with an opportunity to the defendant to be heard on the question of possession or access prior to trial” (slip opn, at 15 [emphasis added]).[8]
Accordingly, the first aspect of the first application of the defendant is denied.
The defendant’s alternative prayer for relief is that a record of subpoenas duces tecum issued by the prosecutor be maintained for possible appellate review.
Other trial courts have denied similar applications (People v Arroyo, Schoharie County Ct, Aug. 27, 1997, Bartlett, J.; People v Williamson, Rensselaer County Ct, Apr. 24, 1997, McGrath, J., supra; People v Whitehurst, Ulster County Ct, Feb. 12, 1996, Bruhn, J., supra). However, this application can be equated with an offer of proof, which is to summarize the substance or contents of evidence proffered, which if ruled inadmissible, would furnish the basis for appellate review (see, People v Williams, 81 NY2d 303, 314). Viewed in this light, there is no reason to deny this motion.
Accordingly, the alternative aspect of the first application of the defendant is granted.
*494 (2) Subpoena Duces Tecum by Defendant
The second application of the defendant is to permit him to submit ex parte applications for subpoenas duces tecum for the production of any records pertaining to the defendant.
The sections relevant to this motion are CPL 610.20 (3) and CPLR 2307.
CPL 610.20 (3) insofar as applicable provides as follows: “An attorney for a defendant may not issue a subpoena duces tecum of the court directed to any department * * * of the state or of a political subdivision thereof * * * Such subpoena duces tecum may be issued in behalf of a defendant upon order of a court pursuant to the rules applicable to civil cases as provided in section twenty-three hundred seven of the civil practice law and rules.”
CPLR 2307 insofar as applicable provides as follows: “A subpoena duces tecum to be served upon * * * a department * * * of a municipal corporation or of the state * * * requiring the production of any books, papers or other things, shall be issued * * * by a judge of the court in which an action for which it is required is triable. Unless the court orders otherwise, a motion for such subpoena shall be made on at least one day’s notice to the * * * department * * * having custody of the book, document or other thing and the adverse party * * * at least twenty-four hours before the time fixed for the production of such records”.
In support of this request, the defendant relies upon People v Van Dyne (175 Misc 2d 558) and People v Mateo (173 Misc 2d 70).
Van Dyne (supra) granted the defendant’s application, after citing CPL 610.20 (3) and CPLR 2307.[9] It relied upon Ake v Oklahoma (470 US 68) for the proposition that the law provides “that due process requires that a defendant be permitted a fair opportunity to prepare a defense” and “Implicit in that right is the right to gather information without alerting the prosecution to the path of the defense” (People v Van Dyne, supra, at 559). It placed reliance upon CPL 200.20 (3) (b) (ii) and People v Lane (56 NY2d 1), wherein motions for severance could be made ex parte if the circumstances supporting such motions would reveal defense strategy. It agreed to accept such ex parte application and determine on an individual basis whether notice to the prosecutor was required.
*495 Mateo (supra) likewise granted the defendant’s application, rejecting without comment the prosecutor’s claim that the procedure requested by the defendant would contravene CPL
610.20 (3) and CPLR 2307. It found that if the prosecutor were “noticed as to every type of subpoenaed record sought by the defense, they would also be alerted about the very heart of the defendant’s strategy at the sentencing phase” (at 71). It concluded that Judiciary Law § 35-b (8)[10] and Ake v Oklahoma (470 US 68, 86-87, supra)* [11] provided statutory and case law authority to justify the defendant’s request and concluded that such applications would be reviewed individually and a determination made whether notice should be given to the prosecutor.[12]
People v Cajigas (Westchester County Ct, Oct. 16, 1997, Angiolillo, J., slip opn, at 16, supra) disagrees with the assessment of those courts that compliance with subdivision (3) would disclose the defendant’s strategy to the prosecutor with the comment, “There does not appear to be any great tactical advantage in being aware of an adversary’s interest in public documents.” People v Shulman (Suffolk County Ct, Nov. 21, 1997, Pitts, J.) is in accord, as it held that viability of the defendant’s mitigating evidence is not affected by disclosure and that there is no right to secrecy of defense strategy under US Constitution Sixth or Eighth Amendment or under New York Constitution, nor to heightened due process.
Regardless of which theory as to the revelation of the defense strategy is correct, it appears irrefutable that CPL 610.20 (3), and not CPLR 2307, should prevail in this situation, as evidenced by the only appellate authority in this area. People v Caban (118 AD2d 957), although not a capital case, held flatly that the defendant seeking to subpoena documents in the custody of a governmental agency should have complied with CPL 610.20 (3). There, defendant’s subpoena duces tecum served upon the Sheriffs Office and District Attorney’s Office *496 was quashed as it was signed only by defense counsel and was improperly issued in violation of subdivision (3).[13]
Accordingly, the second application of the defendant is denied.[14]
(3) Disclosure of Defendant’s Visitors
The third application of the defendant is to prohibit the prosecutor from learning the names of any of his professional visitors in the local jail.
The prosecutor is not seeking the contents of any confidential communications between the defendant and his professional visitors (see generally, People v Decina, 2 NY2d 133). CPL 240.30 (2) provides for a demand by the prosecutor of a written report concerning a physical or mental examination of the defendant which he intends to introduce at trial (People v Harris, 109 AD2d 351, Iv denied 66 NY2d 919) so the prosecutor will eventually receive more information than the name of an expert. A capital defendant is not exempt from this section (People v McIntosh, Dutchess County Ct, Oct. 31, 1997, Marlow, J.). This information may be of dubious detriment to the defendant (see, People v Shulman, Suffolk County Ct, Nov. 21, 1997, Pitts, J., supra; People v Cajigas, Westchester County Ct, Oct. 16, 1997, Angiolillo, J., slip opn, at 16, supra).[15] Remedies exist at the trial stage for improper use of this information (People v Warmus, 148 Misc 2d 374, supra; People v Riggins, supra). There exists no statutory or decisional authority to justify this request (see, People v Cajigas, slip opn, at 11, supra).
All these factors militate against granting this motion.
Accordingly, the third application of the defendant is denied.

. This is not the law of the case, because it was decided at the preindictment stage and does not apply to a postindictment motion (see, People v Cajigas, 174 Misc 2d 472, 485). Except for this decision, all of the nonpublished decisions cited in this opinion were derived from synopses in the 1997 and 1998 Capital Cases Update.

. This decision found that CPL 610.20 (2) and CPLR 2307 when read together require the issuance of a subpoena duces tecum by the court.

. This right has also been recognized in a noncapital case (People v Warmus, 148 Misc 2d 374).

. There was a prior decision in this action denying such relief (People v Cajigas, Westchester County Ct, Apr. 23, 1997, Angiolillo, J., supra).

. See People v Arthur (175 Misc 2d 742, 750, n 7, supra) for a compendium of decisions relating to situations where the standard of heightened due process was found not applicable.

. The defendant has indicated he will furnish any information he feels is pertinent to the prosecutor, as did the defendant in People v Campos (Sup Ct, Kings County, oral proceedings, Mar. 26, 1998, Demarest, J., supra).

. This rule is equally applicable to the defendant (People v Neptune, 161 Misc 2d 781, 783).

. The procedures suggested by Cajigas (supra) will be followed, and prior to trial, after the appropriate notice, the defendant can make a motion in limine to voice any objections he feels are proper (People v Michael M., 162 Misc 2d 803, 806). It should be noted that the rules governing disclosure differ from those governing admissibility (see, People v English, 103 AD2d 979, 980).

. The “Unless the court orders otherwise” language in CPLR 2307, even if it does not relate to the time element in that section, still would not authorize noncompliance with CPL 610.20 (3).

. This statute authorizes a defendant in a capital case to apply ex parte for county funding of services necessary to his defense.

. The holding of this decision was that an indigent defendant who intends to present an insanity defense in a capital case is entitled to the services of a psychiatrist at State expense applied for ex parte.

. People v Arroyo (Schoharie County Ct, Aug. 27, 1997, Bartlett, J., supra) denied as not ripe for judicial intervention a similar motion.

. The concept that heightened due process did not support the first aspect of the defendant’s first motion is equally applicable to this second motion of the defendant and justifies the same conclusion.

. Where the procedure outlined in CPL 610.20 (3) is followed, and the information sought is made confidential by statute, such records will be examined in camera prior to disclosure (People v Doe, 170 Misc 2d 454).

. The defendant makes the logical argument that in this area each side is treated differently, but this is analogous to the distinction inherent in CPL 610.20 (see, People v Cajigas, Westchester County Ct, Oct. 16, 1997, Angiolillo, J., slip opn, at 14, supra).