OPINION OF THE COURT
David D. Egan, J.
This is a potential death penalty case. Defendant John Owens is charged with two counts of murder in the first degree, two counts of murder in the second degree, and three counts of *795 rape in the first degree. The District Attorney’s Office has not yet decided whether to file a notice of intent to seek the death penalty pursuant to CPL 250.40.
Defendant requests an order from this court allowing him to apply ex parte and under seal for judicial subpoenas duces tecum directed to public agencies. The defense intends to use the subpoenaed information both to dissuade the District Attorney from seeking the death penalty and to prepare for mitigation in the sentencing phase of trial in the event defendant is found guilty. Defendant argues that to put the prosecution on notice concerning the documents it seeks to subpoena will unduly prejudice the defense by revealing its “strategy and work-product.”
The People maintain that such ex parte applications for judicial subpoenas duces tecum contravene CPL 610.20 (3) and CPLR 2307.
CPL 610.20 (3) provides in pertinent part: “an attorney for a defendant may not issue a subpoena duces tecum of the court directed to any department, bureau or agency of the state or of a political subdivision thereof. Such a subpoena duces tecum may be issued in behalf of a defendant upon order of a court pursuant to [CPLR 2307]” (emphasis added).
CPLR 2307 provides that “[ujnless the court orders otherwise, a motion for such subpoena shall be made on at least one day’s notice to the library, department, bureau or officer having custody of the book, document or other thing and the adverse party.” (Emphasis added.)
Read together it is not clear whether these statutes simply authorize a court to amend the timing of a defendant’s notice to an adverse party and/or public agency (People v Hall, 179 Misc 2d 488, 496, n 13 [Sup Ct, Monroe County 1998, Mark, J.]; People v Santiago, Montgomery County Ct, July 8, 1999, Bristol, J., slip op, at 3) or allow the court to eliminate the notice requirement altogether. (People v Van Dyne, 175 Misc 2d 558, 559 [Montgomery County Ct 1998, Marks, J.].) The courts have dealt with this inherent ambiguity differently. (Supra.)
Assuming this court has the authority to waive a defendant’s notice requirement under CPL 610.20 (3) and CPLR 2307, this court recognizes that there is a general presumption that ex parte applications are improper. (22 NYCRR 100.3 [B] [6]; Kawasaki v Kasting, 124 AD2d 1034 [4th Dept 1986]; People v Van Dyne, supra.) There also is a split of authority on whether a defendant must adhere to the notice requirement in a capital case.
*796 Defendant not surprisingly relies on People v Mateo (173 Misc 2d 70 [Montgomery County Ct 1998, Marks, J.]), People v Van Dyne (supra), and People v Santiago (supra). In People v Mateo (supra, at 71), the court noted the practice of notifying the prosecution was “honored more in the breach than in the observance in this county.” Finding sufficient authority in Judiciary Law § 35-b (8) and Ake v Oklahoma (470 US 68, 86-87 [1985]),* the court dispensed with the requirement of notice to the adverse party. The Mateo court authorized the defendant to submit ex parte applications for subpoenaed documents, which the court would review on an individual basis and determine whether notice should be given to the prosecution.
The Van Dyne court granted the same relief. However, the court emphasized the need for a defendant to comport with the law regardless of local practice, and “seek relief from the notice requirement by application.” (People v Van Dyne, supra, at 559.) The Van Dyne court was persuaded by the authorized use of ex parte applications in motions for severance “where the information to support the grounds for severance relief would require revelation of defense strategy.” (Supra, at 559, citing CPL 200.20 [3] [b] [ii]; People v Lane, 56 NY2d 1 [1982].) The Van Dyne court noted that implicit in a defendant’s due process right to a fair opportunity to prepare a defense “is the right to gather information without alerting the prosecution to the path of the defense.” (Supra, at 559.)
Recently in People v Santiago (supra) the court reached a similar result for a different reason. The Santiago court was persuaded by civil practice scholar David D. Siegel that the requirement for judicial subpoenas duces tecum in CPLR 2307 had outlived its usefulness, since a court’s intervention originally was required to prevent the potential abuses posed by a party’s access to original public records. Recent amendments to CPLR 2307 now permit a public agency to comply with the statute by producing photostatic copies in place of originals. The Santiago court thus held that the defense need *797 only give notice to the prosecutor when seeking to obtain original documents, not photostatic copies. (Supra, at 8.)
Notably, the Santiago court reached this conclusion despite its acknowledgment that a court’s discretion under CPL 610.20 (3) and CPLR 2307 extends only to the authority to amend the time frame for notification to the adverse party, not to the waiving of the notice requirement itself. (Supra, at 3.) In contrast, in People v Hall (supra) the court expressly rejected defendant’s claim that heightened due process or constitutional guarantees changed the notice requirement of the statutes, and denied his application.
This court is in accord with the Supreme Court in People v Hall (supra), and declines to thrust itself into the role of the Legislature, but instead elects to strictly construe CPL 610.20 (3) and CPLR 2307.
Also, this court is not convinced that the defense’s strategy would be compromised by the revelation of defendant’s interest in public documents. As the court aptly noted in People v Caji-gas (Westchester County Ct, Oct. 16, 1997, Angiolillo, J., slip op, at 16) when addressing the same issue, “[t]here does not appear to be any great tactical advantage in being aware of an adversary’s interest in public documents.” (Cf., People v Shul-man, Suffolk County Ct, Oct. 16, 1997, Pitts, J. [holding that a defendant does not have a constitutional right to nondisclosure of mitigating evidence, and the disclosure would not impair such evidence].)
The defendant’s motion is denied.

 Judiciary Law § 35-b (8) permits a defendant in a capital case to apply ex parte for the court’s authorization of county funding for the cost of “investigative, expert or other” services. The clear intent of the statute is to prevent the disclosure of a defendant’s trial strategy by ensuring the court’s determination of whether the proposed investigative and expert expenditures are reasonably necessary to the defense are conducted ex parte. Similarly, in Ake v Oklahoma, the United States Supreme Court held that where the assistance of an expert is needed to prepare a defense, an indigent defendant has a constitutional right to the services of that expert at State expense, and a defendant’s showing of need is to be made ex parte. (Supra, at 86-87.)