OPINION OF THE COURT
David D. Egan, J.
*209 This is a potential death penalty case. Defendant John Owens is charged with two counts of murder in the first degree, three counts of murder in the second degree, and three counts of rape in the first degree. The District Attorney’s Office has not yet decided whether to file a notice of intent to seek the death penalty pursuant to CPL 250.40.
Defendant has asked this court to sign a subpoena seeking the records of the Monroe County Department of Probation, including presentence investigation reports prepared in connection with defendant’s prior criminal convictions. The defense intends to use the presentence reports and other records both to dissuade the District Attorney from seeking the death penalty and to prepare for mitigation in the sentencing phase of trial. The People do not oppose defendant’s request, but rather ask this court for similar access to these reports.
Pursuant to CPL 390.50 a presentence report is confidential in nature and unavailable to any person, including a criminal defendant, unless specifically authorized by statute or court order. CPL 390.50 (2) (a) provides for disclosure of a presentence investigation report for the limited purposes of sentencing a defendant in a criminal case for which the report was prepared, and for any appeal arising out of that case. Any other disclosure is soundly within the discretion of the court, and based upon a requisite showing of need.
This court is mindful that the Fourth Department has held that CPL 390.50 “does not authorize disclosure of a presentence report in a collateral proceeding discrete from the proceeding for which the report was originally prepared.” (Matter of Salamone v Monroe County Dept. of Probation, 136 AD2d 967 [4th Dept 1988].) Nonetheless the court finds that both the People and the defense have demonstrated a legitimate basis for disclosure of any presentence investigation report, namely, to assist the District Attorney in determining whether to seek the death penalty, and the defense in dissuading the District Attorney from making such a determination. Accordingly, any presentence report shall be disclosed to the defense and the People. Disclosure shall not extend, however, to sealed records arising out of any youthful offender adjudication afforded the defendant. (Supra; People v Whitehurst, 167 Misc 2d 383, 386 [Sup Ct, Queens County 1996].)