OPINION OF THE COURT
John J. Connell, J.
The defendant was convicted in this court of first degree murder and other offenses and sentenced to death in January 1999. Before his trial began, the defendant sought an order from this court allowing requests for judicial subpoenas duces tecum to be ex parte and under seal for materials and docu *265 merits held by various agencies to be used in assisting his attorneys in the mitigation phase of that trial. This court granted his application on June 12, 1997 (People v Mateo, 173 Misc 2d 70). The People are now asking this court to unseal the defense request to this court for ex parte subpoenas duces tecum so that they may prepare the appeal briefs in this case which is now pending before the New York State Court of Appeals. The People maintain that the defense has provided a proposedtable of contents for the record on appeal which includes a sealed item: “Defense request to Court for ex parte subpoenas duces tecum for mitigation information — filed under separate cover and sealed from prosecution and public under County Court June 12, 1997 Order.”
The defense has opposed the application of the People and suggests, in fact, that this court take the following action: (1) deny the motion outright, or, alternatively, (2) deny the motion without prejudice with leave for the prosecution to renew it to the Court of Appeals, or, alternatively, (3) deny the motion as premature without prejudice to the prosecution renewing it if a related issue is raised in the defense appellate brief.
The decision and order of June 12, 1997 recognized the need for secrecy with respect to the subpoenaed documents because they pertained to the sentencing phase only. It was not contemplated by that decision that the record would remain sealed without review by appellate authorities. The reason for the records to be sealed no longer exists, especially in light of the fact that they may have a bearing on the preparation of both defense and prosecution briefs to be submitted and argued before the Court of Appeals. To delay granting the People’s request until the defense submits its appellate brief would involve an inordinate and unwarranted delay in the prosecution of this appeal.
Accordingly, the People’s application to unseal the defense requests to this court for ex parte subpoenas duces tecum is in all respects granted.