OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Defendant alleges that the District Attorney obtained potential evidence pursuant to several improperly issued subpoenas duces tecum. Defendant seeks various relief ranging from striking the notice of intent to seek the death penalty to suppression. This Court signed subpoenas duces tecum at the People’s request directed to defendant’s educational institutions and employer, as well as correctional facilities and law enforcement agencies. Subpoenas *202 duces tecum were also issued to local area hospitals seeking records relating to defendant’s relatives.
The People served subpoenas duces tecum on several educational institutions, including the Webster Central School District, Monroe Community College, Medaille College, and the State University of New York, College of Brockport, dated December 1, 1999 and returnable before this Court on December 15, 1999. The subpoenas, captioned People v John F. Owens, sought production of “any and all records, including but not limited to academic and disciplinary records relating to john f. owens, dob 1/20/62,” were signed by the District Attorney, and contained a notice at the bottom that “[m] ateríais specified to be produced will be retained in the custody of the Court.”
The State University of New York, College of Brockport and Medaille College, by letters dated December 8, 1999 and December 9, 1999, respectively, indicated that they had no record of defendant’s attendance at their institutions. The other two institutions produced records.
Defendant argues that due to their abuse of process, the People should be precluded from any use or derivative use of these subpoenaed school records. The People oppose defendant’s motion, arguing he has no standing to challenge these subpoenas.
Defendant relies on 20 USC § 1232g, the Family Educational Rights and Privacy Act of 1974, to assert a privacy interest in the subpoenaed school records, and substantiate his standing. Defendant has no proprietary or privacy interest in his school records. Under 20 USC § 1232g Congress limited the dissemination of education records to third parties without the written consent of a parent or adult-student.[1] There are, however, exceptions to this general rule of nondisclosure; one specifically permits disclosure to state or federal law enforcement in response to a subpoena. (20 USC § 1232g [b] [1].)
*203 Defendant thus lacks standing to challenge the subpoenas. “[T]his case is governed by the general rule that the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time the subpoena is issued [citations omitted].” (United States v Miller, 425 US 435, 444 [1976] [decided before the enactment of 12 USC § 3410, providing standing to a bank customer to quash a subpoena for his financial records]; see also, People v Di Raffaele, 55 NY2d 234 [1982]; People v Orzel, 192 AD2d 818 [3d Dept 1993].)
Defendant does not argue that he has a privacy or propriety interest in the documents the People subpoenaed from the Monroe County Sheriffs Department, Jail Division, Groveland Correctional Facility,[2] Monroe County Probation Department and the New York State Division of Parole. Defendant’s chief complaint is that the records from these institutions and agencies contain material governed by certain statutory privileges, such as the physician-patient privilege under Civil Practice Law and Rules §§ 4504 and 4507.
All of defendant’s records from the Monroe County Sheriffs Department, Jail Division, Groveland Correctional Facility and Monroe County Probation Department were delivered to the Court. The New York State Division of Parole, by letter dated December 3, 1999, indicated that it did not possess any responsive documents, since as a policy it only retains records for three years after maximum expiration. By earlier motion,
“Defendant * * * asked this court to sign a subpoena seeking the records of the Monroe County Department of Probation, including presentence investigation reports prepared in connection with defendant’s prior criminal convictions. The defense intend[ed] to use the presentence reports and other records both to dissuade the District Attorney from seeking the death penalty and to prepare for mitigation in the sentencing phase of trial. The People [did] not oppose defendant’s request, but rather ask[ed] this court for similar access to these reports.” (People v Owens, 183 Misc 2d 208, 209 [Monroe County Ct 1999].)
This Court allowed disclosure to the defense and the People, except it found that disclosure should not extend to “sealed *204 records arising out of any youthful offender adjudication afforded the defendant.” (Id.)
This Court is aware that a prisoner’s medical information is not subject to disclosure unless such inmate’s health is at issue. (7 NYCRR 5.24 [b] [5].) Indeed, for this very reason this Court conducted an in camera review of the records it received from these institutions and agencies, and removed, or otherwise redacted, any privileged materials. The Court further redacted any youthful offender information in accordance with its previous decision. (See People v Owens, supra.) For the same reason, this Court has not disclosed defendant’s medical records subpoenaed by the People from the Occupational Health Connection and returnable on August 18, 2000.
The People also directed subpoenas duces tecum to defendant’s employer, Labor Ready. This Court finds defendant again lacks standing to challenge the subpoenas. (Accord People v Santiago, Monroe County Ct, Mar. 26, 1999, Bristol, J., slip opn, at 2.)
Finally, the People issued subpoenas duces tecum, which were returnable to this Court, seeking the medical records of defendant’s family members from local area hospitals. Defendant lacks standing to challenge these subpoenas. “[A] subpoena may only be challenged by the person to whom it is directed or by a person whose property rights or privileges may be violated.” (Matter of Selesnick, 115 Misc 2d 993, 995 [Sup Ct, Westchester County 1982].) Defendant argues, however, that it would impose an additional burden on him to require his family members, including some who live outside of New York, to challenge the validity of such subpoenas. This Court has these medical records in its possession. (People v Natal, 75 NY2d 379, 385 [1990] [citations omitted]; see CPL 610.25 [1].) The records will not be released to the People unless and until they become relevant to an issue at trial. Defendant’s family members thus will have ample opportunity to seek to quash or otherwise challenge the validity of such subpoenas at that time.
Defendant argues he is entitled to relief regardless of his standing since the People abused process by failing to provide him with notice of all the subpoenas pursuant to CPLR 2307. Defendant only learned of the subpoenas when the People, at this Court’s direction, reproduced the subpoenaed documents and delivered them to him. CPLR 2307 is not applicable to subpoenas issued by the People pursuant to CPL 610.20 (2). (See Matter of Irwin v Board of Regents, 27 NY2d 292 [1970]; *205 People v Cajigas, NYLJ, Oct. 28, 1997, at 30, col 3 [Westchester County Ct, Angiolillo, J.]; People v Hall, 179 Misc 2d 488, 490 [Sup Ct, Monroe County 1998]; cf. People v Owens, 182 Misc 2d 794 [Sup Ct, Monroe County 1999].) The Legislature has given the District Attorney the authority to issue both Grand Jury subpoenas and trial subpoenas. (CPL 610.20 [2]; see CPL 610.20 [3] [applying equally to subpoenas duces tecum].) The disparity between subdivisions (2) and (3) of CPL 610.20 clarifies that the Legislature made a distinction between the notice requirement attached to subpoenas issued by the People versus those issued by a defendant. The People have discretion to “issue subpoenas duces tecum without notice to [a] defendant or the sanction of the court.” (People v Hall, supra, at 490.)
Defendant further argues that notions of reciprocity require that he be given notice of the People’s subpoenas. (See Court addressed in part any potential prejudice that might arise due to the lack of reciprocity of the statutory notice provisions by ensuring defendant’s access to the materials before trial. After signing the subpoenas, this Court specifically directed the People to reproduce and provide copies of any materials obtained through the issuance of the subpoenas duces tecum to the defense.
Defendant avers that the People abused process by making the subpoenas returnable to their office. A subpoena duces tecum issued for documents that may be introduced at trial is returnable to the Court. The Court determines the terms of possession of subpoenaed material. (CPL 610.25.) “It is for the court, not the prosecutor, to determine where subpoenaed materials should be deposited, as well as any disputes regarding production.” (People v Natal, supra, at 385.) The People acknowledge that some records were inadvertently delivered to their office, but affirm under oath that they did not review or copy those records before they delivered them to this Court.
While not condoning the practice of the People,[3] this Court finds no dereliction of the People’s duty as officers of the Court or prejudice resulting to defendant. (Cf. People v Warmus, 148 Misc 2d 374, 380-384 [Westchester County Ct 1990].)
Defendant asserts the People abused process by seeking materials that are not relevant to any issue before this Court. A subpoena duces tecum is designed “to compel the production *206 of specific documents that are relevant and material to facts at issue in a pending judicial proceeding.” (People v Robinson, 87 AD2d 877, 878 [2d Dept 1982].) However, it may not be used to circumvent the discovery provisions of CPL 240.20 and 240.40 (People v Gissendanner, 48 NY2d 543, 551 [1979]), or “to ‘fish for impeaching material’ ” (Matter of Constantine v Leto, 157 AD2d 376, 378 [3d Dept 1990], affd 77 NY2d 975 [1991]). A showing that certain documents carry a potential for establishing relevant evidence is insufficient; instead, a defendant must put forth “some factual predicate” which would make it reasonably likely that documentary information will bear relevant and exculpatory evidence. (People v Gissendanner, supra, at 550.) Since this Court finds defendant lacks standing to challenge the subpoenas in question, and no misuse of process by the People, this Court finds no need to address defendant’s claim of irrelevance. Suffice it to say, this Court finds that the subpoenaed materials are relevant and material to facts at issue in this pending capital trial.
The capital cases relied upon by defendant are distinguishable. (See People v Simpkins, Sup Ct, Kings County, Dec. 16, 1998, Tomei, J., slip opn, at 4-5 [court refused to reissue subpoenas for defendant’s school records finding them irrelevant to the determination of whether the District Attorney should seek the death penalty]; People v Campos, Sup Ct, Kings County, Mar. 26, 1998, Demarest, J., slip opn, at 4-5 [court found defendant’s former correctional records irrelevant to the determination of whether the District Attorney should seek the death penalty]; People v Cajigas, Westchester County Ct, Apr. 23, 1997, Angiolillo, J., transcript of record, at 9 [found subpoenas for school records to be issued prematurely, but left opened the possibility of future relevance on issues of voluntariness of statements, rebuttal of mitigation evidence and mental condition of defendant].)
For the foregoing reasons, defendant’s motion entitled DEF-61 is denied in its entirety.

. The schools apparently produced these records in response to the subpoenas without challenge or notice to defendant. Defendant asserts he became aware of the subpoenas when the People produced and delivered copies of the subpoenaed records to him. The statute provides for withholding funds from an institution that responds to a subpoena without giving notice of the subpoena to the student. (20 USC § 1232g [b] [2].) While defendant may have a claim to file with the overseers of federal educational funds regarding lack of notice, any failure by the educational institution to give notice to defendant does not affect the validity of the subpoena.

. This subpoena was sent with a cover letter dated December 2, 1999 asking that the records be sent to this Court.

. The People should, by cover letter, clarify that all subpoenaed materials were returnable to the Court.