People v Santos (2002 NY Slip Op 50716(U))

[*1]

People v Santos

2002 NY Slip Op 50716(U)

Decided on October 1, 2002

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 1, 2002

Supreme Court, New York County
 THE PEOPLE OF THE STATE OF NEW YORK, — —
against
STEVEN SANTOS, Defendant.
Ind. No. 4041/02

Edward J. McLaughlin, J.
A Grand Jury has indicted defendant, Steven Santos, for murder in the first degree and other lesser, related crimes. The People have not publically announced whether to seek the death penalty. Before making its decision, the People move for several subpoenas duces tecum to obtain defendant's "Family Court Records" and "Administration for Children's Services Records." The People contend that these records are relevant at this time to the criminal prosecution against defendant. This court disagrees.
The People have asserted two reasons for seeking the subpoenas. Acknowledging that the subpoenaed material would include psychiatric or substance abuse counseling records, the People contend that defendant waived any privilege connected to those records. The People's argument for a waiver is that defendant put his state at mind at issue through his purportedly bizarre conduct at the scene and his statements to police. The People also argue that the subpoena would produce information—defendant's social history and prior criminal background—relevant to "assist" in deciding whether to seek the death penalty. This court concludes that no statutory basis exists to support this request.
The People cannot legitimately contend that defendant has put his state of mind at issue. Defendant's plea of not guilty does not put his state of mind at issue in a way that waives any legally recognized privileges connected to his mental health records. Those privileges remain intact and the information in those records remains confidential unless defendant files a notice of his intent to proffer a psychiatric defense. See C.P.L. § 250.10; People v. Cruickshank, 105 A.D.2d 325 (3d Dept. 1985), aff'd., 67 N.Y.2d 625 (1986). The People cannot wrest the privilege from a defendant by anticipating the defense at trial. At this point, defendant has done nothing to waive those privileges.
This court sympathizes with any District Attorney's legitimate need for maximum information before deciding whether to seek the death penalty, but there is simply no statutory basis for the People's subpoena request. The scope of discovery in a criminal case is strictly regulated by statute, even in a potentially capital prosecution. See Brown v. Appelman, 241 A.D.2d 279, 283-284 (2d Dept. 1998); Constantine v. Leto, 157 A.D.2d 376, 378-379 (3d Dept. 1990), aff'd., 77 N.Y.2d 975 (1991). And unless specified by statute, the People have no general right to discovery in a criminal case. See Matter of Heisler v. Hynes, 42 N.Y.2d 250, 253 (1977). Consequently, as the defendant points out, the courts that have considered similar requests for [*2]subpoenas all agree that the People may not use the subpoena power for that purpose. See People v. Hall, 179 Misc.2d 488, 492 (Sup. Ct., Monroe Co. 1998) (and cases cited therein). To grant the request here would in effect give the People an office subpoena, a power that operates without judicial supervision and that may be exercised only by the Attorney General in certain situations. See Virag v. Hynes, 54 N.Y.2d 437, 441 (1981); Matter of Sigety v. Hynes, 38 N.Y.2d 260, 266-267 (1975). This court does not foreclose the possibility that the People may reapply for a subpoena in the future, after a conviction, should there be a death penalty proceeding.
In denying this application, this court makes one observation. A District Attorney deliberating about whether to seek the death penalty is not without options in seeking information for making that decision. Although much of the information sought in this case is privileged, a District Attorney always is free to ask a defendant to waive the privileges. Then the defendant and counsel can decide whether to waive the privilege, weighing the potential risks and benefits in light of whatever relevant factors are presented in the case, such as the nature of the confidential record and a District Attorney's history of seeking the death penalty. A defendant who refuses to cooperate with a District Attorney under those circumstances does so at his or her own peril.
Lastly, this court denies defendant's request for a hearing to determine whether the People already have abused the subpoena process. Defendant has not presented any evidence to support that claim aside from the existence of the People's present application for several subpoenas duces tecum. In the absence of any other evidence suggesting that the People have abused the subpoena process, there is no need for a hearing.
The request for the subpoenas is denied at this time.
This constitutes the decision and order of this court.
Dated:October 1, 2002
J.
Decision Date: October 01, 2002